Parker, J.
This case comes before the Court upon a motion that a repleader be ordered, on the ground that the issue joined by the parties, and tried by the jury, was wholly immaterial, so that nothing decisive of the merits of the case has been found, nor any thing upon which the Court can render judgment.
Generally a repleader will be ordered before or after verdict, when the Court shall be satisfied that the fact put in issue is irrelevant to the merits of the case. (a) But it is at least doubtful, whether, in any case, the party, who tenders an immaterial issue, should it be found against him, can have the benefit of a repleader. And this upon the just principle, that the party who commits the fault shall not avail himself of that fault, to cause a prejudice or delay to the other party. To this effect speaks Justice Butter, in the case of Webster vs. Bannister, (5) and the other judges do not deny the doctrine. (b)
But still, if the issue shall be found to be clearly immaterial, although a repleadev may not be granted, it may be necessary for the Court to look into the whole of the pleadings, to see whether a judgment can be rendered; for it may be, that although the defendant in this case has no right to a repleader, yet that the pleadings on the part of the plaintiff do not show any thing on which he can be entitled to judgment, (c)
[ * 315 ] *It is, therefore, necessary to inquire into the pleadings. (Here the judge recited the substance of the pleadings, as above stated, and proceeded.)
In order to determine this cause, we are necessarily carried back to the condition of the obligation declared upon ; for there only can we ascertain the contract, which was made by the defendant. It is apparent that the defendant intended to bind himself; that the land, with which the debt due to the plaintiffs had been paid, should be appraised; and that, when appraised, he would pay whatever *265 difference there might be between that value and the amount of the debt so paid. The defendant contends, that he was bound to abide the award only in case it should be made within six months from the date of the bond ; and that if no appraisement should be made within six months, the obligation was void.
This construction would be manifestly unjust; and, as I apprehend, contrary to the intent of the parties ; for, indeed, it would deprive the plaintiff of all benefit of his obligation, in case of a delay, occasioned either by design of the obligor, or the convenience of the appraisers.
The condition, after reciting the grounds of the contract, states that it is agreed, that the land and house shall, as soon as conveniently may be done., be appraised, &c. This, undoubtedly, is equal to a covenant, that the appraisement shall take place, or at least that it shall not be prevented by a refusal on the part of the obligors to appoint an appraiser ; and if this is a stipulation on the part of the defendant, there is no reason why an abortive attempt to procure an appraisement should discharge him from it, and leave no remedy whatever to the plaintiffs, for the part of their debt which is lost, if the value of the house and land is less than the amount of the debt.
The only ground, upon which it can be contended that the obligation of the defendant to cause or suffer an appraisement expired in six months, is, that, by a subsequent stipulation, the defendant engages to pay such a sum as may be awarded, within six months from the date of the bond.
*This is a stipulation distinct from, and independent [ * 316 ] of the agreement to appraise, and ought not to limit the latter, contrary to the real intent of the contract and the justice of the case. Undoubtedly it shows that the parties expected an appraisement within six months; but it cannot be a condition on which the stipulation to make an appraisement was to subsist; for we find the obligors in this instrument saying, with a reference to this payment, if they do so, and also fulfil the other agreements herein contained, then their bond is to be void. There are but two agreements mentioned in the condition ; one, that the land and bouse shall be appraised; the other, that when they are appraised, the money shall be paid in six months from the date. The first agreement may subsist, although the second has now become impossible to be performed.
if, then, there is an absolute stipulation, amounting to a covenant, that the land shall be appraised as soon as it can be conveniently ; a second stipulation, viz. that the money shall be paid within six months from the date of the bond, ought to be con *266 strued to mean that payment shall so be made, if an appraisement shall be made within that time. But it would be manifestly unjust to consider the agreement to appraise as void after six months; there being, in that case, no remedy left to the obligees, if the value of the land and house should fall far short, as it might, of the debt for which it was intended to be received in payment only in case it was found equal in value to the debt. And, indeed, there was no other reason for the bond, than an expectation of the parties that the house and land were not sufficient in value.
On the ground, then, that there was an absolute undertaking to have an appraisement within a reasonable time, and that this time was not limited to six months, Phinehas Stone, one of the obligors, was bound not to refuse to appoint an appraiser, if he should be called on by the obligees to do it within a reasonable time. The replication states, that the plaintiffs did, on the 7th of [ * 317 ] September, 1807, * appoint a suitable disinterested person to appraise, and thereof did notify the obligees, who refused to appoint an appraiser on their part. The rejoinder does not deny that this was within a reasonable time, but denies that the person so appointed was disinterested ; and the issue, being joined on this fact, is found for the plaintiffs.
In this view of the case, the issue is material, for it decides the fact on which the obligation of the defendant to proceed in the appraisement rested ; which not having fulfilled, as appears by his admission in the pleadings, he has broken the condition of his obligation, and judgment at law ought, therefore, to be given against him upon the verdict; and he may be admitted, pursuant to the statute, to a hearing in chancery.
Sewall, J.,
of the same opinion.
Note. After the justices present, who had heard the argument, had delivered their opinions, Parker, J., stated that Sedgwick, J., did not concur with them. The chief justice, being present in Court, observed, that from a perusal of the pleadings, without having been in Court at the argument, he was strongly inclined to the opinion wh sh had been pronounced by his brother Parker, (a)

Judgment on the verdict.

 Doug. 396.

 [No rule is better established than this, that the Court will not grant a repleader, except where complete justice cannot be answered without it. — Per Tindall, C. J., 9 Bingh. 543, Goodbume vs. Bowman. — Ed.]

 [And see 1 Chitty s Pleadings, 6th London edition, 656, note (f).—2 Saund. 5th London edition, 319, c. — Kempe vs. Crews, 1 L. Raym. 170. — Staples vs. Hayden, 2 L. Raym. 922. —2 Salk. 579. — 6 Mod. 1. — Taylor vs. Whitehead, 2 Dougl. 747. — Tidd, Pr. 9th edition, 921. — Goodburne vs. Boweman, 9 Bingh. 532. — Tryon vs Carter, 2 Str. 954. — Ed.]

 [After verdict, upon an immaterial issue, if a repleader be not awarded, there must be judgment non obstante veredicto, unless judgment be arrested. — Ed.]

 [Vide Goodburne vs. Bowman, 9 Bingh. 352. — Ed.]