WINDSOR,
*February*,
1836.

JONATHAN TAYLOR *vs.* L. F. GALLUP and J. A. GALLUP.

If A agree with B to pay him the amount of an account due A & B jointly from A & C, [the sum to be ascertained by a person named, and to be paid within one year from the date of the bond, the procuring the arbitrator to state the sum due, before the expiration of the year, is not a condition precedent; and if the sum be ascertained before suit brought, but after the term of payment has expired, B may still sustain his action.

Conditions precedent must appear to be such by the express terms of the contract, or by necessary implication, or they will be held independent covenants.

This was an action of debt on penal bond for $4000, with the following condition annexed :

" The condition of this obligation is such, that whereas it is agreed between the parties that the said Lewis F. Gallup shall take all the goods, wares and merchandize and store-furniture belonging to the late firm of Gallup & Taylor, being such property, and at such price as the same shall be ascertained and appraised by Lyman Mower and John Bement, and after deducting the capital invested by the said Lewis F. Gallup, the said Lewis F. and Joseph A. Gallup shall execute to the said Taylor their joint and several promissory note for the balance, payable in one year with interest.

" And whereas it is also further agreed between the parties that the account charged in the company books to Joseph A. Gallup, shall be settled and adjusted by the said Mower and Bement, and the balance thereon found due to said firm shall be charged by said Mower and Bement to the said Lewis F. Gallup in his account on said company books : And further, that the said account of said Lewis F. Gallup, then so standing on said company books, shall be settled and adjusted by the said Mower and Bement.

" And whereas it is also further agreed between the parties that in case the amount which is to be placed in the hands of the said Jonathan Taylor, for the payment of debts due from the firm of Gallup & Taylor, being the demands due to said Gallup & Taylor, and other property, as the same shall be ascertained and fully adjusted by the said Mower and Bement, with such provisions and allowances as they may make, (a full and complete inventory and account whereof shall be kept by them,) after deducting therefrom the capital of said Taylor, shall prove insufficient to pay said company debts, the said Lewis F. Gallup and Joseph A. Gallup shall pay to said Taylor, in one year from the date hereof, the amount of such deficiency, and also his equal share of the profits.

" *Provided however*, That they shall not in any case be liable to pay said Taylor a greater sum than the balance of said Lewis F. Gallup's account, with interest.

" But if the appropriation to be so made for said Taylor for the payment of said company debts shall be sufficient for that purpose, then the said Lewis F. Gallup and Joseph A. Gallup shall pay to

Windsor,
*February.*
1836.

Taylor
*vs.*
Gallup.

said Taylor the one half of the balance of said account, so to be adjusted, with interest, in one year, as and for his share of the profits of said concern.

" *Provided,* That nothing contained in the condition of this obligation shall be construed to discharge the said Lewis F. Gallup from his obligation to contribute his equal share to the payment of said company debts, should the appropriations aforesaid, and the balance of his account, prove insufficient for that purpose.

" And whereas it is further agreed that should any question arise relative to the construction of this instrument, or any part of it, or relative to the amount of company debts, which the said Taylor shall pay; or relative to the appropriations thus made; or relative to the amount of the balance of said account, or the part thereof to be paid in one year; all such questions shall be submitted to the award of the said Mower and Bement, or the survivor of them, or, in case of their decease, to such person or persons as may be nominated by their administrator or administrators, and such arbitrator or arbitrators may be called upon, or convened, to decide any such question by either party giving the other three days' notice, and in case of the non-attendance of such party, the arbitration may proceed *ex-parte,* unless reasonable excuse for the absent be rendered to the satisfaction of said arbitrator or arbitrators; and the decision of such arbitration, in any matter submitted by virtue of these presents, shall be final and conclusive between the parties.

" Now if the said Lewis F. Gallup and Joseph A. Gallup shall fully keep and perform all and every part of the agreements above recited on their part to be kept and performed, and all and every part of the conditions aforesaid on their part to be performed, then this bond shall be void—otherwise remain in full force.

"LEWIS F. GALLUP,    (l. s.)

"JOS. A. GALLUP.    (l. s.)

" Witnessed by Lyman Mower."

The defendants crave oyer of the bond, and after setting out the condition, they plead performance of the first condition, and in excuse for not performing the two subsequent stipulations in the condition, they say that

The plaintiff did not procure said Mower and Bement to settle and adjust the account of Lewis F. Gallup, due to the partnership, *within one year* from the date of said bond, in the manner set forth in said instrument—relying upon this as a condition precedent, to be performed by plaintiff.

The plaintiff replies certain matters in excuse for not causing the same to be adjusted *within one year,* i. e., that one of the defendants, by his negligent manner of keeping the book, rendered it impossible to ascertain the amount due from and to the firm, within one year; but that it was subsequently done, and the account of

WINDSOR,
February,
. 1836.

Taylor
vs.
Gallup.

defendants also adjusted, and this before the commencement of the action.   To which defendants demur, and plaintiff joins.

*T. & E. Hutchinson for plaintiff.*—There seems to be nothing in the pleadings in this case, on which the defendants can light, to get rid of paying this debt, unless they can convince the court that the settling the accounts in question by Mower and Bement within a year from the date of the bond, is a condition precedent to any liability of the defendants, ever to pay the balance due.

It should be borne in mind, in the outset, that here is no creation of any new debt in favor of plaintiff against defendants, but only a stipulation about ascertaining the amount of an existing debt, or, rather, two existing debts, and about the payment of such amount, when ascertained.

It appears that each defendant owed the plaintiff; but the amount was uncertain : and they agreed with the plaintiff upon two men to examine the accounts, and ascertain the sums due, and put them together into one sum ; and the defendants became jointly holden for the payment of this sum, or, rather, they became surety for each other for the payment of it.

Now, we contend that the plain, well-settled rule of giving full effect to the intention of the parties, should govern in this case.—

In 6th Term Rep., *Porter* vs. *Shephard*, on page 668, Lord Kenyon is represented as saying—"It has frequently been said, that conditions are to be construed to be either precedent or subsequent, according to the fair intention of the parties, to be collected from the instrument ; and that technical words (if there be any to encounter that intention) should give way to that intention."

Again, in 3d John. Rep., *Jackson* vs. *Myers*, Ch. J. Kent's opinion on page 395 is, " That the intent, when apparent, and not repugnant to law, will control technical terms ; for the *intent* and not the *words* is the essence of every agreement.   The construction must be upon the whole instrument, and with an endeavor to give every part of it meaning and effect."

The same principle is recognized in 3d Term Rep., *Pomeroy el al.* vs. *Parkington et al.*, in the opinion of the court, on page 675.   Likewise in 2d Cowper, *Goodtittle* vs. *Bayley,* a part of Lord Mansfield's opinion, on page 600.

Pursuant to these principles, the contract in question should be construed as if the wording, as to the time of payment, were, that the defendants should not be obliged to pay this amount of their debts due to the plaintiff sooner than a year from the date of the

bond. This is the fair construction of the instrument, when the whole is viewed at once. The waiting a year from the date of the bond, for debts already due, could be no beneficial object for the plaintiff. It must have been considered an indulgence in the plaintiff for the benefit or convenience of defendants. Therefore, to construe, so that this provision, intended for the benefit of the defendants, could by possibility annul and defeat the connected provision, intended for the benefit of the plaintiff, would be disregarding the original intention of the parties, and disregarding the whole salutary principles of construction here brought to view, from the respectable authorities above cited.

We are under no necessity for contending against the decision in the case of *Porter & Porter* vs. *Stewart*, on which defendants rely. That case was governed by that law in the books which protects a defendant obligor against being saddled with a penalty, unless the obligee has punctiliously performed every thing on his part to be performed, to entitle him to that penalty.

That law is in no sense applicable to this case : First, we are not contending for a penalty. Every thing in the pleadings about penalty, is mere form. The essence of our claim is the amount of our debt, honestly due from defendants.—Secondly, that which the defendants urge, as a condition precedent, was to be effected no more by plaintiff than by defendants. In fact, both parties had, by their written instrument, transferred the result to Messrs. Mower and Bement; and it was as much the duty of defendants as of the plaintiff, to aid in bringing forward that result. No wonder that defendants threw obstacles in the way of progress in settling the accounts, if they had conceived the notion, as their attorney now contends, that dragging out the business beyond the year, would discharge them from their debt altogether.

The replication charges the delay to have been induced by circumstances under the control of defendants, and not under the control of plaintiff. We are well warranted in urging this as a reason why the court should not consider that, as a condition precedent on the part of the plaintiff, which the parties could never have thought of in that view, when they made the contract.

But, as we are not urging to recover a penalty, but only our honest debt, we will produce a case or two in point, to show that the defendants are bound by the waiver set up in the replication.

We cite the 13th of Mass. Rep. 396, *Montague et al.* vs. *Grace Smith*, where it was decided, that the choosing arbitrators and proceeding with the arbitration after the time for that purpose stipula-

Windsor,
February
1836.

Taylor
vs.
Gallup.

ted in a case had expired, was a waiver of all privilege resulting from the lapse of time.

In 4th of East's Rep. 477, *Hall* vs. *Cazenove*, plaintiff brought his action upon a charter party, to recover freight. The defence was, that plaintiff neither averred nor proved the performance of a condition precedent, expressed in the charter party. The plaintiff, in excuse for this failure on his part, was permitted to prove, that the charter party was not concluded and delivered till after the time mentioned in the charter party for the performance of said precedent condition.

The law seems well settled, that a plaintiff can take no advantage of any neglect of the defendant, to which he has assented, or of which he has been himself the cause.—See 3 John. R. 528, *Fleming* vs. *Gilbert*.

Just so in cases of assumpsit, or where plaintiff does not go for a penalty, the plaintiff may show the fault of defendant in excuse for himself. See 5 John. R. *West* vs. *Emmons*, in the opinion of the court, on page 180, that it was sufficient for plaintiff to aver his readiness to execute to defendant a mortgage deed, and that defendant refused to execute a deed to the plaintiff without averring that he in fact executed the mortgage deed, and was ready and offered to deliver the same.

See also 16th Mass. Rep. 161, *Newcomb* vs. *Bracket*, where it was decided that the defendant's putting it out of his power to perform, excuses plaintiff from performing a condition precedent; and the plaintiff recovered damages for the breach of contract.

So in 7th Cowen's Rep. 24, *Frost* vs. *Clarkson & Clarkson.*— It was decided that plaintiff might recover back his money paid, by showing that defendants had put it out of their power to fulfil the contract on their part.

So in 5th Pick. Rep. 425, *White* vs. *Snell.*—It was decided that on a promise of defendant to pay plaintiff when defendant should recover his debt of A. Plaintiff might recover on the general counts, or any declaration drawn to meet the case, on proving that defendant had no debt against A, or that he had used no diligence to collect it.

Thus there is no difficulty in the court's doing justice in every case, by selecting those principles which are applicable, and applying them so far as applicable, and rejecting those principles which should govern other and different cases.

What, then, is the justice of the case before the court? The plaintiff has a debt against each defendant. Both and each of de-

WINDSOR,
February,
1836.
Taylor
vs.
Gallup.

fendants acknowledge the debts to be just, but neither party knows the exact sum. Moreover, defendants are not quite ready to make payment. They want to omit payment till the expiration of one year, which both parties supposed would be sufficient time for ascertaining the sum due. They agree upon men to fix that sum, and defendants bind themselves, jointly and severally, to pay at the end of the year. But the defendants throw obstacles in the way, or, to say the least, obstacles are in the way, which plaintiff never put there, and which it behoved defendants to remove forthwith, and which they never removed until the year expired—during which, the plaintiff had consented to wait; and now defendants wish to avoid their debt wholly.

Once more: The very terms of the writing, appointing Messrs. Mower and Bement to settle these accounts, and ascertain the sum due, submits to them, also, the construction of this contract. And they have virtually put upon it the construction we contend for.— Their very proceeding, and adjourning from time to time, and hearing the parties long after the year expressed for payment had elapsed, is an unceremonious construction that their powers had not ceased. The conduct of the defendants, in going before this board, and making their exhibits from time to time, after the year had expired, was a consent that Messrs. Mower and Bement should so construe the contract; and was a tissue of assertions, that they themselves put the same construction upon it.

That such submissions and awards are favored, and receive a liberal construction, see Hyde on Awards, pages 21, 22, 26, 27, 28, 29, 33, 173, 228, 229.—Same, pages 230, 233, 242, 243.

*Asa Aikens for defendants.*—The question raised by the pleadings in this case is, we conceive, involved in, and depends upon the legal construction of the defendants' bond.

The bond is conditioned for the performance of certain covenants therein contained. The first of these, it is admitted, has been performed according to its tenor and effect. The others (being for the payment of money by a certain day therein limited and set) are themselves conditional, being predicated upon the happening of certain contingencies, without the happening of which, the obligation of the covenants did not arise, and could not, by possibility, be discharged within the time limited and set.

The facts set forth in the plea in bar, (and which are admitted by the replication,) show that the penalty of this bond (for which this suit is brought) has never been forfeited; and that the bond

has become extinct through lapse of time, and the non-performance of the conditions precedent, or the *not happening* of the contingencies, or some of them, within the time, which alone would liquidate the sum, and give to the plaintiff a right to demand it.

A bond which has become extinct cannot be revived, except by deed, if at all.—*Craig* vs. *Talbot*, 2 B. & C. 179.

The replication, therefore, which, after admitting the non-performance of the conditions precedent, attempts to avoid the legal consequence, by setting up a *waiver* by parol, or matters *in pais*, is clearly bad.

I propose, therefore, to confine my remarks to the sufficiency of the plea in bar.

Three things were contemplated by the parties to this bond, which must happen, before the liability of these defendants to pay, in virtue of these covenants, was incurred :

1st. That the account charged on the company books to Doct. Gallup should be settled and adjusted by Mower and Bement.

2d. That the balance found against him (if any) should be charged by Mower and Bement to Lewis F., and that the account of Lewis F. then so standing on the company books, should be settled and adjusted by said Mower and Bement, and the balance found.

3d. That Taylor, with the funds placed in his hands for that purpose, was to pay the company debts, if the fund was sufficient ; and if not, that the deficiency was to be proved or made to appear.

On these things having been done, the obligation devolved on these defendants to pay to Taylor, *within one year from the date of the bond*, i. e., before the first day of May, 1831, the amount of the *deficiency of the fund*, (if there proved to be any,) provided it did not exceed such balance of Lewis F.'s account, and interest.— But if there was no deficiency in the fund, then they became obligated to pay within the same time the one half of that balance, as the share of Taylor's profits.

Now, of these prerequisites to the liability of the Messrs. Gallups, they have averred performance of all it devolved on *them* to do— i. e., the placing the books in the hands of Mower and Bement, and the delivering the funds.

The fact is admitted in the replication ; but an attempt is made to avoid its effect, and the legal effect, the non-performance of the duties confided to Messrs. Mower and Bement, *and the duty of Taylor*, by alleging that Lewis F. Gallup, pending the partnership, had, by *mistakes*, and omissions to give proper credits, so entangled

the partnership affairs, as that Taylor could not have the account of Lewis F. adjusted and the balance declared, nor ascertain the deficiency, within the time limited in the bond.

WINDSOR,
*February,*
1836.

Taylor
*vs.*
Gallup.

This, we insist, is a *departure* in pleading, and a naked attempt to resuscitate a bond, which, by its own limitation, had become extinct. This cannot be done.—*Porter et al.* vs. *Stewart*, 2 Aik. 424—3 T. R. 590—2 Con. R. 71—there referred to.

The action being brought for the penalty of the bond, the plaintiff must show a strict performance of the precedent conditions on his part to be done.—*Porter* vs. *Stewart*, *ut supra.*

The question then turns upon the legal construction of the bond—the *intent* of the parties at the time of its execution, as legally inferable from the language they have used in reference to the apparent object to be effected. This object was a speedy and final close of the concerns of Gallup & Taylor, so far as they affected Lewis F, Gallup.

When such was the object, and such the covenants, can it be pretended that *time* did not enter into the consideration of the parties? Indeed, no other consideration existed—no other motive on earth can be assigned why Doct. Gallup should enter into this penalty, but his desire to have brought about a speedy and perfect settlement of the affairs of that partnership between Taylor and his son.

As a limited and short period for the winding up of the affairs of that partnership was the object, so it was by express terms made the essence of the contract.

The *covenant is not* to pay *within a year*, from a deficiency being made to appear; but, within a year *from the date* of the bond, *if a deficiency do appear*. This deficiency (if any) was to be ascertained by a comparison of the *value* of the fund (when adjusted by proper allowances) with the known debts.

Now, there is no difference between a covenant *to pay within a year from date*, if a contingency happen, and a covenant to *pay*, if a contingency happen *within a year from date*. For, in either case, the *contingency* must occur within the *time*, or the condition is not broken.

Again : The law secures to a party obligor the right to discharge himself from his obligation by a *tender*. These obligors had limited themselves to a year. They had the right to be discharged at that time, if the sum *was found*, by payment or tenders—if it was *not found*, the obligation is at an end.

In this respect, the obligation does not differ from ordinary arbi-

WINDSOR,
February,
1836

Taylor
vs.
Gallup.

tration bonds—to which, no award by the day, is always a bar.—
And the inherent difficulties of the case are no answer to such
plea.

But there were no such difficulties here.   The referees for that
purpose, had only to adjust the account then standing on the books,
and the first precedent step was accomplished—that is to say, the
*maximum* of the defendant's liability would have been thereby as-
certained.

The next step, after what the defendants had done, was also the
exclusive work of the referees, and in the way of which the Gal-
lups could not (if they would) throw any obstacle.   It was to *as-
certain* and *adjust*, by *proper allowances*, the *value of the fund*.

The fund having been passed over to Taylor, its value might
have been ascertained in the mode prescribed, any day.   But it
was not done.   Taylor had unfortunately imbibed the erroneous
idea that he could make Doct. Gallup accountable through this
bond for the effects ; and therefore it was that the referees were
prevented by him for four years and upwards from valuing the fund
or adjusting the balance of the account.

On comparing the amount of the' partnership debts with the
amount of the *fund*, as adjusted and appraised by Mower and Be-
ment, the extent of the liability of these defendants, on this bond,
would have been seen at a glance.

If there had been no deficiency, the half of the balance of Lew-
is F.'s account, so adjusted, would have been the sum to have been
paid as Taylor's share of the profits.   If there had been a deficien-
cy less than the the balance of the account, the amount of the de-
ficiency, and half the balance of the account, after deducting the
deficiency, would have been the sum.   If the deficiency had been
equal to, or exceeded the balance of the account, that balance
would have been the sum to have been paid.

The fixing the liability of the defendants and its amount in the
manner stated, was not a duty assumed by them.   It was placed
beyond their power and control, by the terms of the contract.—
The right, the power, and I may add the *duty* to have done it
within the time, belonged to and was possessed by Taylor.   He
has neglected it, and the legal consequence is, that he is in
the same situation of every obligee of a bond, who fails to obtain an
award by the time limited for its performance.   His remedy in the
bond is extinguished by the efflux of time, and he is thrown back
upon the original liabilities of the other party, so far as they re-
main the same.

It is right that it should be so; for otherwise, instead of being able to discharge themselves from their liability at the time limited and set, they must be bound to hold themselves in readiness at the pleasure of Taylor, through all time. Even the statute of limitations does not extend its protection to their case.

WINDSOR,
February,
1836

Tay'or
vs.
Gallup.

The object of this bond was the mutual benefit of the *parties*,—· its extinction concludes no right which existed before. Their original liabilities to each other survive. The rights of their creditors have never been affected by it. *Their* claims were upon both, and the property of both before, and they remain so still.

If the *time* were enlarged, by *implied agreement*, as stated in the replication, the action should have been founded on *that*, not on the bond, which *cannot* be revived.—*Langworthy & Clark* vs. *Smith et al.*, 2 Wendell, 587.

That this view of the case is sustained by the authorities, I re·· fer the court to *Porter* vs. *Stewart*, 2 Aik. R. 424, and the cases there cited—*Penfield* vs. *Fillmore*, Brayt. R. 43—*Lord Arlington* vs. *Merricke*, 2 Saund. R. 411 & n.—*Jones et al.* vs. *Barkley*, 2 Doug. 684—*Liverpool Water-works Co.* vs. *Atkinson*, 6 East. 507—*Wardens of St. Saviour* vs. *Bostwick et al.* 2 Cow. R. 175—13 Petersd. Abr. 769—7 do. 692—*Hassel* vs. *Long*, 2 M. &. S. 363—7 Petersd. Abr. 470, cases 4, 5 & 6—*Couch* vs. *Ingersoll*, 2 Pick. R. 292—*Langworthy* vs. *Smith et al.*, ut supra.

The opinion of the court was delivered by

REDFIELD, J.—It is well settled, that where the plaintiff sues upon a bond or sealed instrument, depending upon a condition precedent, he cannot recover unless he shows strict performance on his part. Even where the act, constituting the condition precedent, becomes unlawful by legislative restriction, or was originally unlawful or even impossible, or has become so by act of God or lapse of time, the rights and obligations depending upon the performance of such conditions, must fail, unless they be strictly performed.—(See the case of *Porter et al.* vs. *Stewart*, 2 Aik. R. 424, and cases there cited by the court and counsel.)—That case is so satisfactorily determined upon principle, and so fully sustained by authority, that it would be useless to go farther in discussing its propriety than to say, it is satisfactory to the court and to the profession.

If the matters relied upon in the defendants' plea in bar, as a condition precedent, be such, and no excuse is offered by plaintiff in his replication, sufficient to excuse the performance of such con-

WINDSOR,
February,
1836.
Taylor
vs.
Gallup.

ditions, then the defendants are entitled to recover. If those matters do not form a condition precedent, or the replication contains sufficient excuse for not performing them as such, then the plaintiff is entitled to recover.

No excuse will exonerate one from the performance of a condition precedent, unless it be the act of the other party. And the act of the other party, in order to excuse such performance, must be either a positive interference and actual hindrance, or some distinct and tangible fraud. No such excuse is contained in the plaintiff's replication. It amounts, at most, to mere neglect or omission of duty, carelessly but innocently committed by defendant. This could not in any sense excuse the plaintiff for not performing a condition precedent, especially as this neglect was that of one of the defendants, and before the execution of the contract.

The only remaining question then, is, Do the facts relied upon by defendants in their plea in bar, amount to a condition precedent? This must be determined by reference to the words of the contract, as set forth in the plea, (and they are the same in both,) with regard to the general subject matter of the contract, and the supposed intention of the parties.

The subject matter of the contract is the settlement of a partnership concern between plaintiff and one of defendants. If the funds put into plaintiff's hands proved sufficient to meet the outstanding liabilities of the firm, then the defendants promised to pay one half of their debt to the firm, to go to plaintiff for his share of the profits; but if there should be a deficiency of funds in plaintiff's hands, after deducting his capital stock, then defendants promised to make up the deficiency to the amount of their whole account. And in either case they were to make payment in one year from the date of the bond in suit in this action. And if the parties did not agree upon any of these matters, they named two persons, to whom such matters, at the call of either party, should be referred. These persons too were named to state the amount due from defendants to the firm.

The matter relied upon by defendants in excuse for not performing their part of the contract is, that the plaintiff failed to procure the arbitrators to state the amount due from the defendants within *one year* from the date of the bond, whereby it became impossible for defendants to perform their part of the contract in the manner stipulated.

The cases upon the subject of conditions precedent, are undoubt-

edly very unsatisfactory, and in many instances very contradictory and almost wholly irreconcilable.

But from all the cases, certain general maxims are deducible, which will enable us very fully to determine how far the matters relied upon as such, really form a condition precedent.

Where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it will be treated as a condition subsequent, or independent covenant, and not as a condition precedent, unless so stipulated in express terms.—*Boon* vs. *Eyre*, 1 H. Black. 273—1 Saund. Rep. 320, c. d.

It is apparent here that the plaintiff did not, in express terms, covenant to procure this settlement within one year, or indeed to procure it at all. It is only by inference from the fact that it was for his benefit, we make out that *he* was to procure it, rather than the defendants, in whose power it equally was.

And if it were to be procured by plaintiff, it is clear that it formed no part, even of the consideration of defendants' covenant.— That consisted in obtaining a release from the liabilities of the firm. It is equally evident, from the whole tenor of the instrument, that the parties never once suspected that the obligation of defendants to pay depended upon plaintiff's procuring the settlement within one year. This term of one year is not affixed to the plaintiff's but to defendants' obligation ; nor could it in any sense have been introduced for the ease of plaintiff to extend the time of his performance of his part of the contract; but on the contrary, it must have been introduced for the ease of the defendants, to prevent their being called upon *immediately*, as they otherwise might have been, for the payment of half at least of the amount of their account. And it would almost involve an absurdity to say that because the negligence of plaintiff gave them a still longer term, they were thereby exonerated from all obligation whatever.

So far from the breach of this implied covenant, as it is termed, being on the part of defendants irreparable in damages, it is not a matter from which, in the very nature of things, any pecuniary loss could accrue to defendants. It is but giving a debtor longer day of payment; and if it be in one sense an injury to suffer a man to remain *in debt* beyond the time stipulated for payment, it is not the foundation of an action, but *damnum absque injuria*.

The contract on the part of defendants was to pay one half the amount of their debt to the firm at all events, and the other half in a certain contingency. If they wished to know the extent of their

WINDSOR, *February*, 1836

Taylor *vs.* Gallup.

WINDSOR,
*February*
1836.

Taylor
*vs.*
Gallup.

possible or absolute liability, they should have proceeded to ascertain the amount in the manner pointed out in the contract.

And it has always been held that mere limitations as to time, introduced in the manner here stated, although one party failed to perform by the day set, the other was not thereby exonerated.— *Cock* vs. *Castoys*, M. S. cases, decided in K. B. Mich. 2 Geo. IV.—1 Saund. Rep. 320, a.

The case of *Eaton* vs. *Stone*, 7 Mass. R. 312, is almost the same case with the present. The case of *Mawman* vs. *Gillet*, 2 Taunt. 326, is much in point, although not the case of a bond, or sealed instrument.

Courts will never construe a contract so as. to defeat the object of the parties, or make conditions precedent, unless clearly so expressed.

We feel satisfied such is not the present case. The result is, (as this case comes here by appeal,) this court takes no notice of the judgment below, but only proceed to enter such judgment as that court should have rendered, which is, that defendants' plea in bar is insufficient, and that plaintiff recover the penalty of the bond ; and the case, on motion of defendants, was removed to the county court for the final ascertainment of the sum due the plaintiff.