## DAVID B. STROUT *versus* THE INHABITANTS OF DURHAM.

In an action against a town to recover damages, alleged to have been sustained by a defect in a public highway within the town, brought before a justice of the peace who was an inhabitant of the town, if the defendants enter an appeal, and proceed to try the merits of the case in the District Court, and fail in their defence, they cannot afterwards make objection, that the justice was an inhabitant of the town.

If the defendants appear in this Court by their selectmen, and not otherwise, as their agents, it is not competent for them, by the same agents, appearing by virtue of no additional powers, to question their agency.

If the defendants have availed themselves of the advantages of an appeal, entered by their selectmen, it is too late at the second term to deny the right of their officers to appear and answer to the suit in the name of the town.

If the parties go to trial on the merits, in an action before a justice of the peace, and an appeal is entered, without the addition of the *similiter* to the plea, the District Court, nevertheless, has jurisdiction of the case.

If a party tenders an immaterial issue, having had the full benefit of it as a material one, he cannot afterwards object to the proceedings on account of his own irregularities; nor have his own appeal dismissed on account of defects in his own pleadings, after he has had an opportunity to try his case upon its merits, and could again have a hearing upon the appeal.

Where the defendant has pleaded an immaterial plea, tendering an issue, in an action before a justice of the peace, and an appeal has been entered to the District Court, without any joinder of the issue, and the defendant has refused to amend his plea, it is competent for the latter Court to permit the plaintiff to demur to the plea.

In an action against a town to recover damages alleged to have been sustained by the plaintiff by reason of a defect in a highway within the town, commenced before a justice of the peace, and carried by appeal to the District Court, it is competent for that Court to order a repleader, or an amendment of the pleadings.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

The facts in the case, and the questions raised in the District Court, as well as the rulings and decisions of the District Judge, appear in the opinion of this Court.

*Fessenden, Deblois & Fessenden,* argued for the defendants in support of their positions in the District Court; and cited *Wood* v. *Prescott,* 2 Mass. R. 174; *Spear* v. *Bicknell,* 5 Mass. R. 129; *Hodgdon* v. *Foster,* 9 Greenl. 113; *Low* v. *Ross,* 3 Greenl. 256; Com. Dig. Pleader, 2 B.; Co. Litt.

66 (b) ; 1 Chitty's Pl. 387 ; 1 Tidd's Pr. 62, 105 ; 1 Wend. 80 ; *Copeland* v. *Bean,* 9 Greenl. 19 ; *Magoun* v. *Lapham,* 19 Pick. 419 ; 5 Com. Dig. 4 Ed. 512 ; *Kelly* v. *Taylor,* 17 Pick. 218 ; *Strout* v. *Berry,* 7 Mass. R. 385.

*S. Moody* argued for the plaintiff, citing Rev. Stat. c. 116, § 9 ; 5 Mass. R. 193 ; 4 Pick. 169 ; 8 Pick. 405 ; 19 Maine R. 22 ; 18 Maine R. 349 ; 1 Greenl. 361 ; Rev. Stat. c. 104, § 34 ; 8 Greenl. 62 ; 7 Greenl. 302 ; 1 Greenl. 183 ; Rev. Stat. c. 115, § 20.

The opinion of the Court was drawn up by

TENNEY J. — This action was brought for an injury alleged to have been sustained by the plaintiff by reason of a defect in the highway, before a justice of the peace, who was an inhabitant of the town of Durham. The selectmen of the town appeared and pleaded, that the defendants *did not owe* the plaintiff, &c. and thereof put themselves *on the country ;* whereupon the cause proceeded to trial, and a judgment was rendered for the plaintiff for damages and costs. An appeal was taken from this judgment, and a recognizance entered into to prosecute the same ; the appeal was entered in the District Court, and the cause continued. When the action was called for trial at the second term, the counsel for the defendants moved that the proceedings be quashed for several reasons, which are set forth in the exceptions. The motion was overruled and the trial ordered to proceed. The reasons relied upon by the defendants at the argument, are, 1st. That the justice, being an inhabitant of Durham, had no jurisdiction. 2d. That the selectmen could not legally appear and plead to the action. 3d. That there was no material issue, and no issue joined before the magistrate. The plaintiff's counsel moved the District Court for leave to reply, or to demur to the plea put in before the justice. Upon this motion, the defendants' counsel consented that the plaintiff might reply by joining the issue tendered before the magistrate, but objected to a demurrer to that plea. The leave to file the demurrer was granted, and the demurrer was accordingly filed ; the Court

directed the defendants to join the demurrer, or plead anew to the action, which they declined to do; whereupon the defendants' plea was adjudged bad, and a judgment was rendered for the plaintiff, against the objection of the defendants.

Rev. Stat. c. 116, § 1, gives to justices of the peace original and exclusive jurisdiction in all civil actions, wherein the debt or damage does not exceed the sum of twenty dollars, excepting in certain actions therein mentioned; and in prosecutions for penalties, a justice of the peace may have jurisdiction, if otherwise entitled, notwithstanding his town may be interested in the penalty. From the latter provision, it is implied, that in other cases where he has an interest in the damages sought to be recovered he has not jurisdiction. If there was any foundation for this objection, advantage should have been taken in some form at an earlier stage of the proceedings; the defendants cannot avail themselves of this point, after proceeding to try the merits of the case, and failing in their defence.

The second ground of exception relied upon cannot be sustained. The defendants now appear by their selectmen, and not otherwise, as their agents; and it is not competent for them, by the same agents, appearing by virtue of no additional powers, to question their agency. Again, the defendants have ratified the acts of their selectmen, by availing themselves of the advantage secured thereby. They have entered the appeal taken by the selectmen, and it was too late at the second term, to deny the right of these officers to appear and answer to the suit in the name of the town.

If the proceedings, before the magistrate, were such that no appeal could be made therefrom, and this appeared from the record, the District Court should have dismissed the the whole matter; the judgment in this case however shows, that a plea was filed, that issue was joined upon it, a trial had, judgment rendered for the plaintiff, an appeal taken, and a recognizance entered into to prosecute it. The plea was not in the proper form of the general issue, in such an action, but no objection was made thereto. Chap. 115, § 9, provides,

" that no summons, writ, declaration, plea, process, judgment, or other proceedings in Courts of Justice shall be abated, arrested or reversed for any kind of circumstantial errors or mistakes, where the person and case may be rightfully understood by the Court, nor for want of form only, and which by law might have been amended."

The defendants' counsel moved the District Court, that the proceedings be dismissed, because no material issue, and no issue was joined. When the case and the papers are all examined, it is apparent, that the plaintiff omitted to add to the defendants' plea, the *similiter.* The case finds that to the " plea, an issue was joined by the plaintiff as appears by the following copy of the original plea before the justice sent up by him." Then follows a copy of the plea, without the addition of the *similiter.* We do not think the *similiter* was necessary in order to have given the District Court jurisdiction. In *Earle* v. *Hall,* 22 Pick. 102, an appeal was taken from the Court of Common Pleas, where two defendants were sued in trespass, and they filed a *joint* plea, which was afterwards retracted, and *several* pleas filed by leave of Court, and the plaintiff refused to join issue; the cause was tried notwithstanding, in the Court of Common Pleas, and a verdict returned for the defendants, and appeal taken, which was entertained by the appellate Court. In *Sayer* v. *Pocock,* 1 Cowp. 407, the replication was amended by order of Court after verdict by inserting the *similiter,* on motion of the plaintiff, and one reason for the amendment was that the Court only make that right, which the defendants understood to be so by going to trial. In the case at bar, the proceedings before the justice were not regular, but it was the understanding of the parties, that a material issue was joined, because they went to trial. The justice entertained a similar opinion, because he says the plaintiff joined the issue. The defendants having failed in their defence, took and entered their appeal. Both parties appeared in the District Court. The plaintiff consented after imparlance, that all irregularities should be amended, so that an issue proper in substance and form for the foundation of a

judgment should be presented and tried. The defendants waived any objection, if they could have made it, to the want of the *similiter*, for they contended that the issue, as presented before the justice, should be joined. If they tendered an immaterial issue, after having the full benefit of it as a material one, they ought not to object to the proceedings on account of their own irregularities; nor could they with propriety ask to have their own appeal dismissed on account of defects in their own pleading, after they had had an opportunity of trying their case upon its merits, and could again have a hearing upon the appeal. If they had pleaded anew, as the counsel for the plaintiff consented that they might do, and the issue tendered had not been joined, it might have been a discontinuance by the plaintiff, and judgment for costs would have been awarded against him. In the case of *Eaton & al.* v. *Storer*, 7 Mass. R. 312, the Court say, " But it is at least doubtful whether in any case the party who tenders an immaterial issue, should it be found against him, can have the benefit of a repleader ; and this upon the just principle that the party who commits the fault shall not avail himself of that fault to prejudice or delay the other party." In the case before us, the defendants declined to plead anew, when they could have done so, by consent of the other party, and certainly should not be allowed · to take advantage of their own fault to the injury of the plaintiff.

Did the Court err in allowing the plaintiff to demur to the plea of the defendants after they had refused to amend their plea ? It is insisted by them, that the plaintiff could have made the issue before the justice perfect by joining it in the District Court, but declining that, they had no right to file a demurrer to the plea. The Court will never require that to be done, which will be useless after it shall be done. If the plaintiff had joined the issue tendered by the defendants, it might not have been sufficient for the foundation of a valid judgment ; and if the *similiter* had been added, the Court might have ordered a repleader, and upon refusal to replead, a judgment might have been entered as upon default. The

permitting the demurrer, adjudging the plea bad and entering judgment for the plaintiff was no more in effect, than to have entered judgment for want of a material plea. The demurrer set out in form the defects in the plea which the Court could have officially noticed without it. Judgment entered for want of a valid plea, would be the same as if entered after the plea should be adjudged bad on demurrer. The refusal of the defendants to join the demurrer, after direction of the Court, could not prevent them from doing that, which could have been done, if the defendants had refused to plead.

It is again contended that the Court could not authorize a repleader, but were bound to allow the pleadings to stand as they were left before the magistrate. The cases relied upon by the defendants in support of this proposition are those where soil and freehold was pleaded before the justice. Such a plea 'cannot be withdrawn after the entry of the appeal. The withdrawal and repleader would permit a party defendant, without any intention of putting in controversy title to real estate, to oust the justice of the peace before whom the action was pending, of his jurisdiction of the matter really in issue and ultimately to bring the action into this Court by appeal, when we should have had no jurisdiction upon the appeal, if the plea of soil and freehold had been omitted.

By c. 116, § 9, "when an appeal is taken from a justice of the peace, the case shall be entered, tried and determined in the District Court, in like manner, as if it had been commenced there;" and by c. 115, § 10, all imperfections and defects may, on motion, be amended by either party, on such terms as the Court may direct. And if the Court are at a loss how to give judgment a repleader will be awarded on motion of either party. *Gerrish* v. *Train*, 3 Pick. 124. Generally a repleader will be ordered before or after verdict, where the Court shall be satisfied, that the fact put in issue is irrelevant to the merits of the case. *Eaton & al.* v. *Storer*, 7 Mass. R. 312.

*Exceptions overruled.*