## CUNNINGHAM *v.* JONES.

Full performance is a condition precedent to the right to any payment upon a contract to erect a house without any agreement in respect to the sum to be paid or the times of payment, except that the labor was to be "by day's work."

APPEAL from the Common Pleas of the city and county of New York. Action to recover the amount of a mechanic's lien for materials furnished under a building contract between the defendant as owner, and one George W. Burwick, for erecting a certain addition to a brewery belonging to the defendant. No question arose on the preliminary proceedings or upon the pleadings, and it was conceded that if Burwick had a right of action against the defendant for the work done and materials found to the amount of the plaintiff's claim, that the plaintiff is entitled to recover in this action.

The trial was before a referee, who found these facts: In the year 1853, the defendant being the owner of the premises mentioned in the complaint, contracted with Burwick to erect thereon a certain addition to his brewery, then upon his premises. The contract was by parol, without any stipulation or agreement in respect to the sum to be paid to Burwick, or the times of payment, excepting that the labor was performed by day's work. Burwick entered upon the work purchasing the materials for the building in his own name, and directing them to be delivered upon the premises. During the progress of the work, and in the months of September and October, 1853, the plaintiff, in pursuance of an agreement with Burwick, and in conformity with the contract between Burwick and the defendant, furnished certain lumber, timber and materials which were delivered upon the premises and used in the building. Afterwards and before the building was inclosed, and in the latter part of October, 1853, Burwick, without the fault of the defendant, absconded and discontinued work on the building,

but leaving his workmen still employed upon it, and it was then taken in hand and completed by the defendant. On the 3d of November, 1853, the lien in this case was regularly docketed, whereby the plaintiff claimed the sum of $706.83 as the value of the materials furnished by him. Before the docketing of the lien, Burwick had performed work and labor upon and furnished materials for the building to the value of more than $1,200, and the defendant had paid, on account thereof, $400, and no more. The actual value of the materials, &c., so furnished by the plaintiff was $677.99, no part of which had been paid.

As conclusions of law, the referee decided that the contract was an entire one, and not divisible as to the time of payment, and that the law required the building to be completed before the contractor could call for any payment: that the contractor could not sue and recover for the part of the services performed and materials found up to the time he absconded, and that the plaintiff's lien being limited to such amount only as the defendant was liable to pay the contractor at the time the same was docketed, or at any time subsequently, he was not entitled to recover. Judgment upon this report was entered for the defendant, and having been affirmed at general term, the plaintiff appealed to this court.

*John H. Reynolds*, for the appellant.

*Joshua Coit*, for the respondent.

ALLEN, J. This case involves one of the same questions which have been passed upon by this court in *Smith* v. *Brady* (17 *N. Y.*, 173), and other cases there cited, and particularly *McMillan* v. *Vanderlip*, 12 *J. R.*, 165; *Reab* v. *Moor*, 19 *id.*, 337, (affirmed by the Court of Errors), and a similar judgment must follow unless the facts so far differ as to authorize a different result.

The refeere has found as a fact that there was a contract to erect the addition to the brewery. It was by parol, and with-

Cunningham *v.* Jones.

out any stipulation in respect to the sum to be paid or the time of payment, except that the labor was by day's work. Under this contract Burwick, the contractor, entered upon the work, in September and October, 1851, and continued in it until in the latter part of October, 1853, he abandoned it and absconded, leaving it in an unfinished state, when the defendant took it in hand and completed it on his own account.

This finding would seem to dispose of the whole case in favor of the defendant, according to the decisions just referred to. The contract was an entire one, and indivisible, and Burwick was not entitled to recover without a full performance on his part. It matters not that no price was fixed upon as a compensation. The defendant, on completion of the work, would be liable to pay what the work and materials were reasonably worth; having the right to insist, however, that the contract should be first performed by Burwick. Instead of performance, he willfully abandoned the work in an unfinished state, leaving it upon the hands of the defendant to complete, subjecting him to the damages necessarily arising from such a course. The judgment must be affirmed.

JOHNSON, Ch. J., COMSTOCK, DENIO, ALLEN, GRAY, GROVER and STRONG, Js., concurred.

SELDEN, J. (Dissenting.) The question in this case is, whether Burwick the contractor, had, when he left the work, any claim against the defendant Jones, which he could enforce at law. If he had no claim, then there is nothing out of which the plaintiff's lien can be satisfied, and the suit must fail. The referee finds, that before the lien was docketed, Burwick had performed work and labor upon the defendant's building, to the value of over $1,200, and had received in payment the sum of $400, and no more. The balance due, therefore, would have been sufficient to satisfy the plaintiff's claim, if Burwick could have recovered upon a *quantum meruit* for the work done.

But it is insisted on the part of the defendant, that the com-

pletion of the entire job was a condition precedent to the right of Burwick to call for any payment whatever on account of it, and that having abandoned the work before it was finished, he thereby forfeited all right to payment for what he had done

The rights of Burwick depend upon the construction to be given to the contract. This was by parol, and as stated by the referee, it was to erect upon the premises of the defendant Jones, a certain addition to his brewery, then upon the pre· mises. The referee further states, that there was no stipulation or agreement in respect to the sum to be paid to Burwick, or the times of payment, excepting that "the labor was performed by day's work." This embraces the whole contract. The condition precedent, if it exists, is to be found in what has been stated.

Now conditions precedent are not to be favored. They ope· rate as penalties, and generally tend to the subversion of equity and the obstruction of justice. They are *strictissimi juris*, to be enforced when they clearly exist, but never to be sought after or arrived at by an interpretation which is either strained or unnecessarily rigid. On this subject, I may be permitted to refer to the pertinent language of the court, in the cases of *Taylor* v. *Gallup* (8 *Verm.*, 340) and *Booth* v. *Tyson* (15 *id.*, 515). In the first of these cases, the court say: "Conditions prece· dent must appear to be such by the *express* terms of the con· tract, or by *necessary* implication, or they will be holden to be independent covenants." In the other case the language of the court is: "If the contract neither *expressly* nor by *strong* implication, contains a condition of full performance, precedent to any right of claim for pay, the court will consider the pro· mises independent, and suffer a recovery for part performance." But this has been so often said, and is so plainly just, that it is unnecessary to multiply authorities upon it. Parties who in· tend to insist upon forfeitures and upon conditions precedent, must say so in their contracts. The court will not unnecessarily aid them in their efforts to deprive the judiciary of all power to enforce equity. There is clearly no such condition expressed in this contract. If it is there at all, it is there by implication.

I see nothing, however, in the terms of the contract, from which it can be fairly implied. On the contrary, the implication, as it seems to me, is plainly the reverse.

Had the contract fixed one gross sum, as a compensation for the entire work, then I concede that in the absence of any lan guage pointing to a division, or indicating a different time of payment, no part of the sum could be demanded until the work was completed. We have an example of such a contract in the case of *Sinclair* v. *Bowles* (9 *Barn. & Cress.*, 92), where the plaintiff had agreed to repair three chandeliers and make them complete for the sum of £10. The court very properly held the completion of the work a condition precedent. The contract afforded no criterion, by which to apportion the compensation for a part of the work.

In the subsequent case, however, of *Roberts* v. *Havelock* (3 *Barn. & Adolph.*, 404), where the contract was very similar to that in the case now before us, the court came to a different conclusion. There the defendant had a ship which was in a "damaged state," and the plaintiff was employed and "undertook to put her into thorough repair." Before completing the work, the plaintiff refused to go on until he was paid for what he had done, which being refused, he brought his action. Lord TENTERDEN, Ch. J., said: "I have no doubt that the plaintiff in this case was entitled to recover. In *Sinclair* v. *Bowles*, the contract was to do a specific work for *a specific sum.* There is nothing in the present case, amounting to a contract to do the whole repairs and make no demand until they are completed." In this opinion, all the judges concurred.

Now I not only say that there is nothing in the present case, more than in that, to warrant the inference that a condition precedent was intended, but I go further, and hold that this case affords additional ground for an opposite inference.

The provision that the job was to be done "by day's work" is to be taken into consideration. It divides the work into definite parts; it divides the compensation also into the same number of parts as the work, inasmuch as the compensation must be measured by the value of a day's work. If it was

Cunningham *v.* Jones.

intended to make the contract indivisible in respect to the payment, the defendant should have said so. But this he has not said.

Again, in construing such a contract courts are to look at the ordinary and familiar modes of doing business. This was done in the case of *Roberts* v. *Havelock, supra.* LITTLEDALE, J., there said: "The plaintiff undertook this work *in the same way* that shipwrights ordinarily do;" and PARK, J., used similar language, he said: "This was only a general employment of the plaintiff by the defendant, *in the same way* as all ship-wrights are employed." It requires but little acquaintance with business to know, that mechanics do not agree to do a job by day's work, which is to cost some thousands of dollars, and receive nothing until the job is finished. It would be somewhat extraordinary, if a single instance of the kind could be found in the populous city from which this case comes. Besides, we have here the practical construction given to the contract by the parties themselves. The defendant avers in his answer, that he had paid to Burwick $400 on account of the work done. Whether this fact could have been proved by the plaintiff to aid in interpreting the contract, or not, as it is set up by the defendant himself, it may be used for that purpose. Is this court called upon then, and can it be justified—without a word in the contract to that effect, in opposition to the established and customary modes of doing business, and contrary to the practical construction of the parties—in interpolating by implication, a condition precedent in this contract? I think not; I prefer to follow, what I regard as the sensible decision of the Court of King's Bench in the case of *Roberts* v. *Havelock*, in which the contract was less susceptible of division than in this.

The judgment should, in my opinion, be reversed.

Judgment affirmed.