# SUPREME COURT.

CHARLANA HASBROUCK, by her guardian, Cornelius Has-
brouck, respondent, agt. CHARLES BOUTON, appellant.

Where a daughter received, as a gift from her mother, an ewe lamb, and an agree-
ment was made at the same time by the mother with her father—the daughter's
grandfather—to keep the sheep for the granddaughter, upon the terms of giving
the latter all the increase, and the grandfather to have the wool for the keeping;
and the increase for some six years amounted to seventeen sheep :

*Held*, on a constable's sale of these seventeen sheep, upon an execution against the
grandfather, as the property of the latter, that he had no title to these sheep; he
was a mere bailee thereof; nor had he any title to the wool, until he had per-
formed his entire contract of keeping the sheep till shearing time; and for the
entire performance of this contract on his part, he was entitled to the considera-
tion promised, to wit: the wool; and part performance, on his part, only, gave
no title; and the constable, by his levy, took no other or better title than the
bailee had. The title to the sheep was in the granddaughter—the plaintiff.

*Third Judicial Department.*
*General Term, Cortland, June,* 1871.
*Before* MILLER *and* POTTER, *JJ.*

THIS action was brought in a justice's court originally,
and tried there, when the plaintiff recovered a judgment,
from which an appeal was brought to the county court of
Cortland county, and by reason of the relationship of the
county judge, was certified into the supreme court, and
tried at a circuit court, at which the plaintiff again recov-
ered a judgment for $65 damages. Upon a case and ex-
ceptions, a motion was made for a new trial at special
term. The motion was denied, and upon the order of the
special term, judgment was entered, and from that judg-
ment an appeal is brought to this court.

The action was brought by the plaintiff, an infant, by

her guardian, to recover for the value of seventeen sheep, which were taken by the defendant, who was a constable, by virtue of an execution issued upon a judgment in a justice's court against one George Hasbrouck. The judgment and execution were valid and fair on the face, and no question is made as to their validity.

The defendant regularly advertised and sold the property, and as to his action no question arises. The only real question on the trial, was a question of title.

LEWIS BOUTON, *for plaintiff.*
McDOWELL & EDWARDS, *for defendant.*

*By the court,* POTTER, J.—The plaintiff claimed title to the property in question, first, as a gift from her mother of an ewe lamb, and an agreement then made by the mother with George Hasbrouck (the defendant in the execution under which the sheep were taken) to keep the sheep for the plaintiff, upon the terms of giving the plaintiff all the increase and Hasbrouck to have the wool for the keeping. The claim by the plaintiff is that this sheep and its increase, for some six years, amounted to some seventeen sheep. The claim of the defendant was, that these sheep and the wool upon them belonged to George Hasbrouck, and that if the sheep belonged to the plaintiff, the defendant still had a right to levy upon them and sell Hasbrouck's interest in the wool. The question of the ownership of the sheep was a question of fact, fairly tried, and found in favor of the plaintiff, and I am not able to see any question that we can review upon that point. It was the main and material issue upon the trial, and no error prejudicial to the defendant seems to have been committed on the trial upon this point.

The defendant urges the argument that the sheep in question, upon the plaintiff's theory, belonged, with special defined interests, to the plaintiff and George Hasbrouck together; the plaintiff having title to the carcass, and Has-

brouck the title to the wool, as a consideration for the care and keeping; that the plaintiff had no right to the wool, because she owned the carcass, and that the measure of damages was wrong, because she recovered for both carcass and wool; and the questions of law were disposed of by the judge at the trial, as follows: "Although the defendant (in the execution) was entitled to the wool raised from the sheep, yet, nevertheless, the title to the sheep was in the girl, if they are the increase of the lamb, as against this defendant, who would not have a right to levy upon the wool upon the backs of the sheep for a debt against the grandfather. He has, no right to set up that claim for the wool, and the plaintiff has the right to set up the claim for the full value of the sheep."

Defendant's counsel duly excepted to that portion of the charge in which the court charged the jury that, " although the defendant (in the execution,) was entitled to the wool raised from the sheep, yet, nevertheless, the title of the sheep was in the girl, if they are the increase of that lamb, as against this defendant, who would not have the right to levy upon the wool upon the backs of the sheep, for a debt against the grandfather. He has no right to set up that claim for the wool, and the plaintiff has the right to set up the claim for the full value of the sheep," and to very part of such portion of the charge.

The defendant's counsel requested the court to charge the jury, that George Hasbrouck had an interest in the sheep claimed, for at least to the extent of the wool growing thereon, at the time of the levy and sale.

The court refused so to charge, and the defendant duly excepted.

The defendant's counsel also requested the court to charge the jury, that if George Hasbrouck had an interest in the sheep to the extent of the wool growing thereon at the time of the levy and sale, the defendant had a right to levy upon and sell such interest.

The court refused so to charge, and the defendant duly excepted.

The defendant's counsel also requested the court to charge the jury, that if the plaintiff is entitled to recover for any of the sheep claimed for, her recovery must be limited to the value of the sheep, less that part of the value which the wool constituted.

The court refused so to charge, and the defendant duly excepted.

This presents all the questions of law, that arise in the case.

I think, the learned judge correctly laid down the law in this case. George Hasbrouck had no title to these sheep ; he was a mere bailee of the sheep ; nor had he any title to the wool, until he had performed his entire contract of keeping the sheep, till shearing time ; and for the entire performance of this contract on his part, he was entitled to the consideration promised, to wit, the wool ; and part performance on his part only, gives no title ; and the defendant by his levy, took no other or better title than Hasbrouck, the bailee, had. The case of *Pierce* agt. *Schanck*, (3 *Hill*, 28,) illustrates the .rule. The plaintiff delivered logs to a saw-mill, to be sawed under a contract with the miller, that he should saw them into boards, within a specified time, and that each party should then have one half the boards. This was held to be a bailment merely, the *title* remained in the plaintiff until the logs were manufactured into boards, according to the contract, that the contract was entire; the sawyer obtained no title by sawing a part of them ; and also held, that the bailor could bring trover for any part of the boards that was converted before a full performance of the contract, (See *Cunningham* agt. *Jones*, 20 *N. Y.*, 486 ; 22 *N. Y.*, 162 ; *Jones on Bailment*, 100, 101). George Hasbrouck had no interest even in the wool, in February, that could be levied upon, and none before shearing time ; which was conceded to be in June. Before that time, his interest

was a mere contingent one dependent upon the full performance of his contract. The wool was the compensation he was to receive for keeping and supporting these sheep. There is not known in practice, and cannot be in law, such a union of interest or title, or partnership in animals as that one party shall own the carcass, the other the wool, the hair, or the feathers. Though we are not called upon to decide what interests parties might create by special contract, expressing such a union. This was no such contract.

But the defense proceeded upon no such theory in their answer, nor on the trial; they levied upon and sold the whole property, they sold the plaintiff's property as the property of George Hasbrouck; not as liable, but as absolute owner of the sheep, not the wool only, but the carcass carrying the wool with it. He took and assumed the right to sell, and did sell the plaintiff's interest in the sheep, and this title being found by the jury to be in the plaintiff, the charge and refusals to charge by the learned judge, were right; the judgment should be affirmed.