## SHERMAN *vs.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW-YORK.

S. contracted with the corporation of the city of New-York to furnish all the materials and labor necessary to complete the *excavation*, re-filling, and re-paving of a trench of specified dimensions for water pipes. The corporation agreed to pay as a " *compensation for such excavation*, re-filling, and re-paving," as follows: " *For executing the digging*" and re-filling, seven cents per cubic yard; for re-paving, &c. four cents per square yard. A considerable portion of the trench was excavated through hard pan, and this was proved to be worth 75 cents per cubic yard. Another portion was through rock, worth $1,00 per cubic yard. It was also shown that seven cents (the contract price) per yard was the lowest price for excavating common earth. *Held*, nevertheless, that S. could recover nothing beyond the contract price, and that extrinsic evidence was not admissible to prove the value of excavating hard pan and rock.

The contract provided that, as the work progressed, the engineer of the corporation should, upon the request of the contractor, make estimates of the work done, which estimates were to be paid on the next pay day, less ten per cent; also that when the work was done, the engineer should make a final estimate of all moneys due to the contractor, and then the whole to be paid. The engineer accordingly made a final estimate. It seems, however, competent in such a case, to resort to other proof of the amount of the work.

ON error from the supreme court. Sherman sued the mayor aldermen and commonalty of the city of New-York, in the superior court of that city. The cause was heard before referees appointed by that court, and the case was this: On the 17th of November, 1842, a written contract, under seal, was entered

into between the plaintiff and defendants, whereby the plaintiff agreed *"to furnish all the materials and labor necessary to complete the excavation, back filling, ramming, and re-paving"* of a trench for water pipes in 14th street, from Union square to avenue A. The trench was to be six feet wide at the bottom, and eight and a half feet deep. The back filling and ramming was defined by the contract to be the filling up of the trench in a certain specified manner, after the pipes should be laid. The compensation for the work was provided for in the same agreement in these words: "And the parties of the second part agree to pay the party of the first part *in full compensation for the excavation,* back filling, ramming and re-paving aforesaid:

"*For executing the digging,* back filling, and ramming of the said trench, at the rate of seven cents per cubic yard. For re-paving," &c.

It was also provided in the contract, that the engineer of the corporation "should, upon request of the contractor, make estimates of the work actually completed, and not included in any previous estimate; and that payments should be made upon such estimates, at the succeeding pay day as by law established; ten per cent being retained until thirty days after the completion of the whole work, when a final estimate was to be made of all moneys due to the contractor, the same to be paid at the next succeeding pay day." The work was "to be subject to the inspection of the defendants by their engineer aforesaid, and was to be done at such times and in such order as the said engineer should direct." There were also other provisions in the contract upon which no question arose.

On the hearing before the referees, the plaintiff offered evidence as to the amount and value of the work done under the contract. The defendants objected to any other evidence of such amount and value than the estimates of the engineer under the contract. The referees admitted the evidence, and the defendants excepted. It was then proved that the amount of excavation, independent of hard pan and rock, was 5416 cubic yards. The plaintiff then offered evidence of the amount and

value of the hard pan and rock excavation, insisting that the seven cents per cubic yard for "executing the digging," &c. as provided for in the contract, did not cover this species of excavation. The defendants objected to the evidence on the ground that the written contract controlled the price, and did not admit of any other rate of compensation than the seven cents per cubic yard. The referees admitted the evidence, and the defendants excepted. It was then proved, that the amount of hard pan excavation was 5146 cubic yards and 12 feet, and of rock excavation 491 cubic yards and 21 feet; that the hard pan excavation was worth 75 cents per yard, and the rock $1,00 per yard. It was also shown that seven cents per yard was the lowest price for common earth excavation. There was some evidence tending to show that when the plaintiff entered into the contract, he might, with ordinary attention and diligence, have ascertained the character of the ground to be excavated; and there was also evidence tending to a contrary result.

The referees reported in favor of the plaintiff the sum of $4743,43, which included the above quantities of hard pan and rock excavation at the prices proved. The defendants moved, in the superior court, to set aside the report, which motion was denied, and judgment rendered for the amount reported and costs. The defendants then removed the cause by writ of error into the supreme court, where the judgment of the superior court was reversed, and a new trial ordered in that court. The plaintiff brings error to this court.

*S. Sherwood,* for plaintiff in error. The price for "executing the digging," which means, according to the popular sense, the loose excavation which may be done with a spade or shovel, was seven cents per cubic yard, and was not intended, nor did it in fact include "rock" or "hard pan," the first worth $1,00, and the latter 75 cents, per cubic yard.

The position taken by the defendants, that "the engineer's estimate of the amount and value of the work should be taken instead of other proof," cannot be sustained, inasmuch as no

provision to that effect was contained in the contract; and estimates were never made satisfactory to the plaintiff, or founded upon a knowledge of the work by the engineers.

The objection that no proof of the value of hard pan or rock excavation could be given with a view to compensation, on the ground that the contract did not admit of any extra compensation therefor, was not well taken.

· The words, in the instrument, " executing the digging," shows the sense of the parties, and refers to the lowest grade, or common earth excavation, which only could be done for seven cents per yard.

It was competent to show by parol proof, that neither rock nor hård pan were included in the terms " executing the digging," by showing the usage in relation to the allowance for either when found, and by showing the value of the lowest grade, or earth excavation, from which the meaning of the parties could not be mistaken.

Evidence of usage, or course of trade, where the contract is to be carried into effect, is admissible to explain the meaning, and remove the doubt.

Ambiguous terms may be explained by proving the facts and circumstances tending to show the sense in which the terms were used. (*Doe* v. *Burt,* 1 *T. R.* 701; *Coit* v. *Com. Ins. Co.* 7 *John.* 385; *Powell on Cont.* 378; 3 *Kent's Com.* 556; *Story on Conf. of Laws,* 225, 233.)

*Willis Hall,* for defendants in error. (1.) The testimony as to the amount and value of the work done under the contract was improperly admitted, as that was to be paid for on the estimate of the engineer; and he having made a final estimate, the same is conclusive. (2.) The evidence as to the value of the hard pan and rock excavation, was improperly admitted.

The terms of the written contract include excavation of every kind, and the price of seven cents per cubic yard is stipulated to be " in full compensation" therefor.

There is nothing in the contract to indicate that the word

" excavation" is used in any special sense. The written contract must therefore govern as to the rate of compensation for that labor. (*Robertson* v. *French,* 4 *East,* 135 ; *Delaware &· Hudson Canal Co.* v. *Dubois,* 15 *Wend.* 89, 95.)

(3.) It was the duty of the contractor to have ascertained the nature of the soil before entering into the contract. Ordinary diligence would have enabled him to do so.

JEWETT, Ch. J.   The principal question in dispute between the parties is, whether the plaintiff had a right to show and recover the real value of excavating that portion of the trench composed of "hard pan," or "rock." The plaintiff offered such evidence, which the referees admitted, although objected to. The plaintiff insists that for excavating such portions of the trench no price was agreed upon between the parties, and that therefore he is entitled to show its value, and recover accordingly ; that the contract merely contemplates and provides for excavating common earth. The argument for the plaintiff is founded upon the idea that the term *digging,* as applied in the contract, means nothing beyond removing common earth, and does not include hard pan or rock, or at least the term is ambiguous as applied, and therefore may be explained by proof of facts and circumstances tending to show the sense in which it was used by the parties in this contract.

I am unable to see any ground for such argument. The plaintiff expressly contracts to furnish all the materials and labor necessary to complete the excavation of the trench in the manner set forth, and as a *full compensation* for the *excavation aforesaid*—that is, for opening the trench described—it is agreed that he should be paid by the defendant, seven cents per cubic yard.

The term " for executing the digging," in the paragraph describing the rate of compensation, is plainly used as synonymous with the term *excavation* in the paragraph immediately preceding it, and the same term is used in the specification showing the manner in which the work was to be done.

It may have been a hard and ill advised contract on the part

of the plaintiff. The substance to be dug out to make the trench, may have been composed of materials unexpected by him, rendering it worth tenfold more to do the work than he expected, but that furnishes no valid ground to say that the *digging* contracted for was not to be of any other material than common earth.

The contract, under the head excavation, called for the opening of a trench of the prescribed *width* and *depth*, through whatever substances should be met with on the line agreed upon; and full compensation for that part of the work is agreed upon under the terms "for executing the digging," at the rate of seven cents per cubic yard. Therefore I am of opinion that the referees erred in admitting parol evidence of the value of that work. I think it is fixed by the written contract, which must, in this case, control the rate of compensation. An objection was made by the defendant that it was not competent for the plaintiff to prove the number of yards excavated, in doing the work, by any other person than the engineer. It is supposed that the parties have, by their contract, confined the proof as to the *amount* of the work to the estimates of the defendants' engineer. I do not think that its terms can receive such construction. The referees were right therefore in admitting the evidence offered as to the amount of the work. I am of opinion the judgment of the supreme court should be affirmed.

Judgment affirmed.