# SUPERIOR COURT.

## Hiram A. Crane, plaintiff and respondent, agt. Herma n Knubel, defendant and appellant.

A *condition precedent* must be strictly performed, and if a person by contract, en-
gages to perform an act, performance is not excused by inevitable accident.

So where the time for the payment of money is to happen after the performance
of that which is the consideration, no right of action accrues for the money until
the consideration is performed.

*Substantial performance* is not enough where the person, for whom the work was
done, has neither voluntarily accepted it, nor waived a faithful performance of
the contract.

A party may retain without compensation, the benefits of a partial performance.
where from the nature of the contract he must receive such benefits in advance of
a full performance, and by its terms or just construction he is under no obligation
to pay until the performance is complete.

In relation to a *builder's contract*, where the builder has in part performed his con-
tract and furnished materials which have been placed in the building, such
materials become annexed to the soil, and thereby the property of the owner of
the soil. And the law does not adjudge that a mere silent occupation of the
building thereafter by the owner amounts to a *waiver* of the contract, nor does it
deny to him the right so to occupy and still insist upon the contract.

In this case, which arose under a builder's contract made in the usual manner by
agreement to pay, by the owner to the contractor, specific separate payments as
the work progressed and was completed as specified in the contract:

*Held*, on a call upon the owner for the fifth payment under the contract, that the
evidence fell far short of proving that the defendant (owner) had *accepted* the work
actually done as a full performance under the contract, which was required as a
condition precedent to such payment, or that the defendant had *waived* a strict
performance of the contract.

*General Term, April,* 1872.

*Before* Barbour, *Ch. J.,* Freedman *and* Sedgwick, *JJ.*

Appeal from judgment entered upon the report of a
referee.

The action was brought to recover $821 91, the amount
of an order drawn by John G. Hoffman, in favor of the plain-
tiff, and accepted by the defendant, and payable by its terms

out of the fifth payment to which John G. Hoffman might become entitled under a certain builder's contract made with the defendant.

The answer alleged that said John G. Hoffman abandoned the contract before the fifth payment became due.

The issues were referred, by consent of parties, to a referee to hear and determine the same, and his report is as follows :

*First.* That on or about the    day of October, 1867, the defendant and one J. G. Hoffman made and entered into a certain contract in writing, wherein and whereby the said Hoffman agreed to well and sufficiently erect and finish all the carpenter work in two certain new four story and basement brick dwelling houses, situated on the lot known as' the southwest corner of Seventh Avenue and Fifty-ninth street, in the city of New York, agreeable to the plans and specifications made by A. Pfeund, architect, and for which, by the terms of said contract, the defendant agreed to pay him, the said Hoffman, the sum of six thousand dollars in manner following :

1*st.* When the third tier of beams are leveled up and bridged, the sum of $500.

2*d.* When the roofs are tinned and sky lights on, $1,000.

3*d.* When the floors are laid, partitions all set, furring all done, the sum of $1,000.

4*th.* When stairs are up, sash all in, $1,000.

5*th.* When the trimmings all done, doors all hung, $1,000.

6*th.* When the work is completed, finished and done in conformity with the plans and specifications, the sum of $1,500.

*Second.* That the said Hoffman duly entered upon the said contract, and that the plaintiff furnished lumber to the said Hoffman, to aid him in the performance thereof, to the value and amount of about the sum of one thousand five hundred and eighty dollars ($1,580) none of which has been paid, but is still due and owing to the plaintiff from the said Hoffman.

*Third.* That while performing the work under said contract, the said Hoffman, in payment of certain lumber which he wished to purchase of the said plaintiff to use upon said work, made and gave to the said plaintiff a certain instrument in writing in the words following, to wit: "New York, March 5th, 1868, Mr. Herman Knubel, please pay to H. A. Crane, or order, eight hundred and twenty-one 91-100 dollars ($821 91-100), and deduct the same from the fifth payment or payments due when trimmings are all on and doors all hung, and much oblige, yours respecfully, J. G. HOFFMAN, ($821 91-100)," which said instrument was duly accepted by the said defendant in writing across the face thereof in the following words, " Accepted ; payable when payment is due, H. KNUBEL."

*Fourth.* That after the said instrument had been so accepted by the said defendant, the said Hoffman delivered the said instrument so accepted to the plaintiff in this action, and the said plaintiff on the strength and faith thereof, furnished lumber to the said Hoffman to the full and exact amount and value of $821 91.

*Fifth.* That the said lumber so furnished was used by the said Hoffman on the said buildings of the said defendant, and has never been paid for except by said draft.

*Sixth.* That said Hoffman did not complete or finish his said contract, but abandoned the same before the work was completed.

*Seventh.* That at the time the said Hoffman abandoned the said contract, he had completed the work necessary thereunder to entitle him to the fifth payment, except in some slight particulars.

*Eighth.* That the said Hoffman, before abandoning the said contract, substantially completed the work necessary to be done to entitle him to the fifth payment, and was substantially entitled to said payment.

*Ninth.* That the difference between the amount of said payment ($1,000) and the amount of the instrument in suit

($821 91-100) would more than pay for the work necessary to be done to complete said payment.

*Tenth.* That after the abandonment of the said contract, and in the month of April, 1868, the plaintiff caused said instrument to be presented to the defendant for payment, who waived the strict performance of the contract by Hoffman, and promised and agreed to pay the amount called for by said instrument to the plaintiff.

*Eleventh.* That I have calculated the interest on said instrument from the 1st day of May, 1868, to the 28th day of January, 1871 (the date hereof), and find the same to be one hundred and fifty-six 81-100 dollars ($156 81-100), which added to the amount of said instrument makes the sum of nine hundred and seventy-eight 72-100 dollars ($978 72).

Upon the above found matters of fact, I find as matters of law:

That plaintiff is entitled to judgment against defendant for the sum of nine hundred and seventy-eight 72-100 dollars with interest thereon from the date hereof, besides the costs and disbursements of the action, and I do order and direct judgment to be entered accordingly.

The defendant excepted to the third, fourth, seventh, eighth, ninth and tenth findings of fact and the conclusions of law of the referee.

Judgment was entered upon the report and defendant appealed.

JAMES M. SMITH, *for defendant and appellant*
DAVID McADAM, *for plaintiff and respondent.*

*By the court,* FREEDMAN, *J.*—It was conceded by both parties, on the argument, that if the contract between Hoffman, the drawer, and the defendant, the drawee and acceptor, has been so far performed as to entitle Hoffman, as contractor, to the fifth payment, plaintiff, as payee named in the order, has an undoubted right to recover; because such order and

its acceptance operated as an assignment by Hoffman to the plaintiff of the fund in defendant's hands. The main question, therefore, is whether the said fifth payment has been earned by the contractor according to the terms of the contract.

The principle of the common law, which always permitted men to manage their own affairs and to make their own contracts, provided they involved nothing immoral or illegal, which is fully applicable here, also requires that the understanding of the parties is to be gathered from the terms of the contract, and that their rights are to be determined by the language of the contract. Though the terms are hard, parties will be held concluded by their contract (*Sherman* agt. *Mayor, &c., of New York*, 1 *N. Y.*, 316 ; *Pike* agt. *Butler*, 4 *N. Y.*, 362).

A condition precedent must be strictly performed, and if a person, by contract, engages to perform an act, performance is not excused by inevitable accident (*Oakley* agt. *Morton*, 11 *N. Y.*, 25 ; *Norton* agt. *Woodruff*, 2 *N. Y.*, 153).

So, when the time for the payment of money is to happen after the performance of that which is the consideration, no right of action accrues for the money until the consideration is performed ; for a party not fulfilling his part of the contract cannot insist that it shall be performed by the other party (*Grant* agt. *Johnson*, 5 *N. Y.*, 247; *Pike* agt. *Butler*, 4 *N. Y.*, 362).

In such case, full performance is a condition precedent to the right of payment upon the contract. Substantial performance is not enough when the person, for whom the work was done, has neither voluntarily accepted it, nor waived a faithful performance of the contract (*Pullman* agt. *Corning*, 9 *N. Y.*, 93).

This doctrine was reaffirmed in *Smith* agt. *Brady*, (17 *N. Y.*, 187), where it was held by COMSTOCK, J., with the concurrence of all the judges, that the rule is well settled with us, that a party may retain without compensation the benefits of a partial performance, where, from the nature of the con-

tract he must receive such benefits in advance of a full performance, and by its terms or just construction he is under no obligation to pay until the performance is complete.

The last named case has been followed as an unquestionable authoritative exposition of the law of this state upon the doctrine referred to, in *Cunningham* agt. *Jones*, (20 *N. Y.*, 486); *Bonesteel* agt. *The Mayor, &c.*, (22 *N. Y.*, 162); *Catlin* agt. *Tobias*, (26 *N. Y.*, 217); *Walker* agt. *Millard*, (29 *N. Y.*, 375); *Husted* agt. *Craig*, (36 *N. Y.*, 223); *Harris* agt. *Rathbun*, (2 *Keyes*, 319); *Jenkins* agt. *Wheeler*, (3 *Keyes*, 654).

In view of this repeated indorsement it will not be deemed out of place to notice more fully the remarks of COMSTOCK, J., in *Smith* agt. *Brady*, (17 *N. Y.*, 187), as to the rights of the parties to a building contract, he says:

" The owner of the soil is always in possession. The builder has a right to enter only for the special purpose of performing the contract. Each material as it is placed in the work becomes annexed to the soil, and thereby the property of the owner. The builder would have no right to remove the brick, or stone, or lumber after annexation, even if the employer should unjustifiably refuse to allow him to proceed with the work. The owner, from the nature and necessity of the case takes the benefit of part performance, and therefore, by merely so doing, does not necessarily waive anything contained in the contract. To impute to him a voluntary waiver of conditions precedent from the mere use and occupation of the building erected, unattended by other circumstances, is unreasonable and illogical, because he is not in a situation to elect whether he will or will not accept the benefit of an imperfect performance. To be enabled to stand upon the contract, he cannot reasonably be required to tear down and destroy the edifice, if he prefers it to remain. As the erection is his by annexation to the soil, he may suffer it to stand, and there is no rule of law against his using it without prejudice to his rights.

"* * * * * The law does not adjudge that a mere silent occupation of the building by the owner amounts to a waiver, nor does it deny to him the right so to occupy and still insist upon the contract. The question of waiver of the condition precedent, will always be one of intention, to be arrived at from all the circumstances, including the occupancy. To conclude, there is, in a just view of the question, no hardship in requiring builders, like all other men, to perform their contracts in order to entitle themselves to payment, where the employer has agreed to pay only on that condition. It is true, that such contract embraces a variety of particulars, and that slight omissions and inadvertancies may sometimes very innocently occur. These should be indulgently regarded, and they will be so regarded, by courts and juries. But there can be no injustice in imputing to the contractor a knowledge of what his contract requires, nor in holding him to a substantial performance.

"* * * If he fails to perform, when the requirement is plain, and when he can perform, if he will, he has no right to call upon the courts to make a new contract for him; nor ought he to complain if the law leaves him without remedy."

According to the well settled law of this state, therefore, the fifth payment did not become due and payable under the contract in the case at bar, until the trimmings had been all done and the doors all hung in the manner required by the specification, which form part of the contract. The doing of all the trimmings and hanging of all the doors were made, by the voluntary act of the contracting parties, a condition precedent to the payment of the money. The consideration for the payment is entire and undivisible so that the money payable as such fifth installment is neither apportioned by the contract, nor capable of being apportioned by a court or jury. Plaintiff rested without proving performance of the work which would have entitled Hoffman to such fifth payment. Consequently, plaintiff's order was not shown to

have become due, and the referee erred in denying defend-
ant's motion for a dismissal of the complaint, unless the evi-
dence clearly showed, that the defendant had accepted the
work actually done as a full performance, or had waived a
strict performance of the contract, a question, which I shall
notice more fully hereafter.

Again, it appears without contradiction from the evidence
of the entire case, that Hoffman, the contractor, in the early
part of April, 1868, ceased work, before the fifth payment
became due ; that on the 10th of that month, the defendant
by written notice insisted upon performance of the balance
of the work then unfinished ; that Hoffman did not return
to finish the work, and that the defendant was compelled to
finish it himself ; that at the time of Hoffman's abandonment
of the contract there were no doors hung on the basement
and first or parlor floors of either house, and that a consider-
able part of the trimmings remained undone. It is, there-
fore, not a case of imperfect performance, or of a defect
in the manner of performance, but a clear case of non-per-
formance of the contract, and consequently, the referee erred
in finding, as matter of fact, a substantial performance, which
entitled Hoffman to the payment of the fifth installment
and, as matter of law, that plaintiff is entitled to judgment
against the defendant, and the judgment must be reversed,
unless the further finding, that after the abandonment of the
contract, the plaintiff caused the order to be presented to
the defendant for payment, who waived the strict perform-
ance of the contract by Hoffman, and promised and agreed
to pay the amount called for by said instrument, to the
plaintiff, is not only supported by the evidence, but sufficient
in law, when considered with the other real and undisputed
facts of the case, to sustain it.

The evidence upon the question of waiver consists of,

1. The testimony of Edwin Bradbrook, a witness and
employee of the plaintiff, who testified, that on or about the
10th day of April, 1868, he presented the order or draft to

the defendant for payment, and that defendant at that time told him that he, defendant, had no money, but that he expected some on the 1st or 2d of May, and that he would call down and see the plaintiff and settle with him ; that during said conversation defendant did not say anything about Mr. Hoffman not progressing with the work.

2. The testimony of Leroy Clark, a witness called on behalf of the plaintiff, who testified as follows : I remember calling on the defendant about the 15th day of April, 1868; I presented the " Exhibit No. 1" to him ; it was the same as it now is, with the exception of the referee's mark ; I asked him if he could pay us the amount of it, or words to that effect ; he said he could not pay it then—the work was not done, the doors were not hung, that Mr. Hoffman had disappointed him ; he said he could not pay it then as he had not the money ; he would pay it the next week ; he would give Mr. Crane a check for it; he said the parlor doors were not hung, I went into the building at the time and saw the parlor doors standing in the room ; I went through the houses ; he spoke of nothing but the doors being unhung and incomplete ; and

3. The further testimony of the witness Edwin Bradbrook, to the effect, that he saw the defendant again on the 9th of May following, and that defendant at that interview stated that the contract was not yet fulfilled, that Hoffman had abandoned his contract, and had put him, the defendant, to extra expenses.

Assuming this testimony to be true, it falls very much short of establishing a waiver, within the rule laid down in *Smith* agt. *Brady* (17 *N. Y.*, 189 ; see also *Catlin* agt. *Tobias*, 26 *N. Y.*, 217). According to it, the first interview took place on or about the date of defendant's written notice to Hoffman, wherein defendant insisted upon full performance, at a time, therefore, when defendant had a right to expect that Hoffman would come and complete his contract, and defendant's promise then made must be deemed to have

been made with reference to such expectation. The conversation with Leroy Clark, took place about five days later. There is no evidence that by that time defendant had become aware that Hoffman had really abandoned his contract, and his naked promise, made under such circumstances, to send a check in the course of a week, coupled with the remark, that the doors were not yet hung, cannot be twisted into a waiver of performance by Hoffman.

At the second interview which occurred between the witness Bradbrook and defendant, on the 9th of May following, the defendant distinctly fell back upon his legal rights under the contract.

This testimony is not only insufficient in itself to establish inferentially a case of waiver, but it is flatly contradicted by that of the defendant, who positively denied having made any such promise as testified to by the witnesses named, and in terms equally positive, testified that he told both said witnesses that he would not pay, because the work had not been finished.

The question of waiver in this case not being a question of law, but of fact and intention between the contracting parties, namely, Hoffman and defendant, to be determined upon all the circumstances of the case; and the evidence being wholly insufficient to establish such fact, the referee clearly erred to find that such waiver had taken place.

For the foregoing reasons, the judgment must be reversed, the order of reference vacated and a new trial granted, with costs to the appellant to abide the event.

BARBOUR, *Ch. J.,* and SEDGWICK, *J.,* concurred.