By the Court.—Freedman, J.
It was conceded by both parties on the argunient that, if the contract between Hoffman, the drawer, and the defendant, the *455 drawee and acceptor, has been so far performed as to entitle- Hoffman as contractor to the fifth payment, plaintiff, as payee named in the order, has an undoubted right to recover,- because such order and its acceptance operated as an assignment by Hoffman to the plaintiff of the fund in defendant’s hands. The main question, therefore, is whether the said fifth payment has been earned by the contractor according to the terms of the contract.
The principle of the common law, which always permitted men to manage their own affairs and to make their own contracts, provided they involved nothing immoral or illegal, which is fully applicable here, also requires that the understanding of the parties is to be gathered from the terms of the contract, and that their rights are to be determined by the language of the contract. Though the terms are hard, parties will be held concluded by their contract (Sherman v. Mayor, &c. of New York, 1 N. Y. 316; Pike v. Butler, 4 Id. 363). A condition precedent must be strictly performed, and if a person, by contract, engages to perform an act, performance is not excused by inevitable accident (Oakley v. Morton, 11 N. Y. 25; Norton v. Woodruff, 2 Id. 153). So, when the time for the payment of money is to happen after the performance of that which is the consideration, no right of action accrues for the money until' the consideration is performed, for a party not fulfilling his part of the contract cannot insist that it shall be performed by the other party (Grant v. Johnson, 5 N. Y. 347 ; Pike v. Butler, 4 Id. 363). In such case full performance is a condition precedent to the right of payment upon the contract. Substantial performance is not enough when the person, for whom the work was done, has neither voluntarily accepted it, nor waived a faithful performance of the contract (Pullman v. Corning, 9 N. Y. 93).. This doctrine was reaffirmed in Smith v. Brady, 17 N. *456 Y. 187, where it was held by Comstock, J., with the concurrence of all the judges, that the rule is well settled with us, that a party may retain without compensation the benefits of a partial performance, where from the nature of the contract he must receive such benefits in advance of a full performance, and by its terms or just construction he is under no obligation to pay until the performance is complete.
The last named case has been followed as an unquestionable authoritative exposition of the law of this State upon the doctrine referred to, in Cunningham v. Jones, 20 N. Y. 486; Bonesteel v. Mayor, &c., 22 Id. 162 ; Catlin v. Tobias, 26 Id. 217 ; Walker v. Millard, 29 Id. 375; Husted v. Craig, 36 Id. 223 ; Harris v. Rathbun, 2 Keyes, 319 ; Jenkins v. Wheeler, 3 Id. 654.
In view of this repeated, indorsement it will not be deemed out of place to notice more fully the remarks of Comstock, J., in Smith v. Brady (supra), as to the rights of the parties to a building contract. He says:
“The owner of the soil is always in possession. The builder has a right to enter only for the special purpose of performing his contract. Each material as it is placed in the work becomes annexed to the soil, and thereby the property of the owner. The builder would have no right to remove the brick or stone or lumber after annexation, even if the employer should unjustifiably refuse to allow him to proceed with the work. . The owner, from the nature and necessity of the case, takes the benefit of part performance, and therefore, by merely so doing, does not necessarily waive anything contained in the contract. To impute to him a voluntary waiver of conditions precedent from the mere use and occupation of the building erected, unattended by other circumstances, is unreasonable and illogical, because he is notin a situation to elect whether he will or will not accept the benefit of an imperfect performance. To. be enabled to stand *457 upon t,he contract, he cannot reasonably be required to tear down and destroy the edifice if he prefers it to renmin. As the erection is his by annexation to the soil, he may suffer it to stand, and there is no rule of law against his using it without prejudice to his rights. ..... The law does not adjudge that a mere silent occupation of the building by the owner amounts to a waiver, nor does it deny to him the right so to occupy and still insist upon the contract. The question of waiver of the condition precedent will always be one of intention to be arrived at from all the circumstances, including the occupancy. To conclude, there is, in a just view of the question, no hardship in requiring builders, like all other men, to perform their contracts in order to entitle themselves to payment, where the employer has agreed to pay only on that condition. It is true that such contracts embrace a variety of particulars, and that slight omissions and inadvertences may sometimes very innocently occur. These should be indulgently regarded, and they will be so regarded by courts and juries. But there can be no injustice in imputing to the contractor, a knowledge of what his contract requires, nor in holding him to a substantial performance. ... If he fails to perform when the requirement is plain, and when he can perform, if he will, he has no right to call upon the courts to make a new contract for him ; nor ought he to complain if the law leaves him without remedy.”
According to the well settled law of this State, therefore, the fifth payment did not become due and payable under the contract in the case at bar, until the trimmings had been all done and the doors all hung in the manner required by the specifications, which form part of the contract. The doing of all the trimmings and hanging of all the doors were made by the voluntary act of the contracting parties a condition precedent to the payment of the money. The consideration for *458 the payment is entire and indivisible, so that the money payable as such fifth installment is neither apportioned by the contract, nor capable of being apportioned by a court or jury. Plaintiff rested without proving performance of the work which would have entitled Hoffman to such fifth payment. t Consequently plaintiff’s order was not shown to have become due, and the referee erred in denying defendant’s motion for a dismissal of the complaint, unless the evidence clearly showed that the defendant had accepted the work actually done as a full performance, or had waived a strict performance of the contract, a question, which -1 shall notice more fully hereafter.
Again: it appears without contradiction from the evidence of the entire case, that Hoffman, the contractor, in the early part of April, 1868, ceased work, before the fifth payment became due; that on the tenth of that month the defendant by written notice insisted upon performance of the balance of the work then unfinished; that Hoffman did not return to finsh the work, and that defendant was compelled to finish it himself; that at the time of Hoffman’s abandonment of the contract, there were no doors hung on the basement and first or parlor floors- of either house, and that a considerable part of the trimmings remained undone. It is, therefore, not a case of imperfect performance or of a defect in the manner of performance, but a clear case of non-performance of the contract, and consequently the referee erred in finding, as matter of fact, a substantial performance, which entitled Hoffman to the payment of the fifth installment, and, as matter of law, that plaintiff is entitled to judgment against the defendant, and the judgment must be reversed, unless the further finding, that after the abandonment of the contract, the plaintiff caused the order to be presented to the defendant for payment, who waived the strict performance of the contract by Hoff *459 man, and promised and agreed to pay the amount called for by said instrument to the plaintiff, is not only supported by the evidence, but sufficient in law, when considered with the other real and undisputed facts of the case, to sustain it.
The evidence upon the question of waiver consists of—
1. The testimony of Edwin Bradbrook, a witness and employee of the plaintiff, who .testified that on or about April 10, 1868, he presented the order or draft to the defendant for payment, and that defendant at that time told him that he, defendant, had no money, but that he expected some on the first or second of May, and that he would call down and see the plaintiff and settle with him; that during said conversation defendant did not say anything about Mr. Hoffman not progressing with the work;
2. The testimony of Leroy Clark, a witness called on behalf of the plaintiff, who testified as follows: “I remember calling on the defendant about April 15, 1868; I presented the ‘Exhibit Ho. 1’ to him; it was the same as it now is, with the exception of the referee’s mark; I asked him if he could pay us the amount of it, or words to that effect; he said, he could not pay it then—the work was not done, the doors were not hung, that Mr. Hoffman had disappointed him; he said he could not pay it then, as he hadn’t the money'; he would pay it the next week ; he would give Mr. Crane a check for it; he said the parlor doors were not hung; I went into the building at the time and saw the parlor doors standing in the room; I went through the houses ; he spoke of nothing but the doors being unhung and incomplete; ’ ’ and,
3. The further testimony of the witness Edwin Bradbrook to the effect that he saw the defendant • again on May 9 following, and that defendant at that interview stated that the contract was not yet fulfilled, *460 that Hoffman had abandoned his contract and had put him, the defendant, to extra expenses.
Assuming this testimony to be true, it falls very much short of establishing a waiver within the rule laid down in Smith v. Brady, 17 N. Y. 189 (see also Catlin v. Tobias, 26 Id. 217). According to it the first interview took place on or about the date of defendant’s notice to Hoffman, wherein defendant insisted upon full performance, at a time, therefore, when defendant had a right to expect that Hoffman would come and complete his contract, and defendant’s promise then made must be deemed to have been made with reference to such expectation. The conversation with Leroy Clark took place about five days later. There is no evidence that by that time defendant had become aware that Hoffman had really abandoned his contract, and his naked promise, made under such circumstances, to send a check in the course of a week, coupled with the remark that doors were not yet hung, cannot be twisted into a waiver of performance by Hoffman. At the second interview, which occurred between the witness Bradbrook and defendant on May 9 following; the defendant distinctly fell back upon his legal rights under the contract.
This testimony is not only insufficient in itself to establish inferentially a case of waiver, but it is flatly contradicted by that of the defendant, who positively denied having made any such promise as testified to by the witnesses named, and in terms equally positive testified that he told both said witnesses that he would not pay, because the work had not been finished.
The question of waiver in this case not being a question of law but of fact and intention between the contracting parties, namely Hoffman and defendant, to be determined upon all the circumstances of the case, and the evidence being wholly insufficient to establish such *461 fact, the referee clearly erred in finding that such waiver had taken place.
For the foregoing reasons the judgment must be reversed, the order of reference, vacated and a new trial granted, with costs to appellant to abide the event.
Barbour, Ch. J., and Sedgwick, J., concurred.