### TODD v. UNION CASUALTY & SURETY CO.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

1. EMPLOYER'S LIABILITY INSURANCE—COMPLAINT—SUFFICIENCY.

A complaint in an action on an employer's liability policy, which merely avers that the company "contracted to insure plaintiff, on certain terms and conditions in said contract of insurance specified, * * * against the hazards enumerated and set forth upon a certain premium schedule to said contract of insurance annexed," is demurrable, where the policy is not annexed, because not sufficiently showing the terms nor the hazards.

2. SAME.

A complaint in an action on an employer's liability policy, which avers that plaintiff duly complied with all its provisions by him to be complied with and observed as conditions precedent to defendant's liability, "except in so far as such compliance and observance were waived or rendered unnecessary by the position and action of this defendant," is bad because not alleging performance nor showing the facts and circumstances constituting the waiver.

Appeal from special term, New York county.

Action by John R. Todd against the Union Casualty & Surety Company. Judgment overruling a demurrer to the complaint, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, INGRAHAM, and LAUGHLIN, JJ.

Arthur C. Rounds, for appellant.
Charles J. Hardy, for respondent.

McLAUGHLIN, J.   This action is brought to recover the sum of $5,000 under an employer's liability policy of insurance.   The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.   The demurrer was overruled, and defendant has appealed.

The complaint, in substance, alleges that at a time specified a contract of insurance was made between the plaintiff and defendant, by which the defendant "contracted to insure and did insure this plaintiff, upon certain terms and conditions in said contract of insurance specified, against legal liability for damages to the extent of $5,000 to any one person respecting fatal or nonfatal injuries from accidents occurring to any person or persons mentioned at the place or places specified in the application for and in the policy itself against the hazards enumerated and set forth under a certain premium schedule to said contract of insurance annexed"; that while said contract of insurance was in force a workman by the name of Brown, in the employ of the plaintiff, sustained injuries by reason of an accident occurring at the place specified in the policy, and that Brown and the work in which he was employed were included in the class of persons and hazards covered by the contract of insurance, and against "liability to whom and because of which due to injuries from accidents this defendant insured plaintiff"; that the defendant was duly notified of the accident, in accordance with the requirements of the contract of insurance, and that it thereupon disclaimed and repudiated any liability; that subsequently Brown brought an action against the plaintiff to recover for the injuries sustained by him, and in that action the defendant had notice of the commencement of the same, but it refused to take charge of the defense, or to relieve plaintiff of all responsibility or care thereof, as provided in the policy, and that in that action Brown recovered $3,856.57 damages, interest and costs, which the defendant refused to pay; "that the plaintiff duly complied with and observed all the provisions of the contract of insurance by him to be complied with and observed as conditions precedent to defendant's liability to him thereunder, except in so far as such compliance and observance were waived or rendered unnecessary by the position and action of this defendant"; and judgment is demanded for the sum of $5,000 and interest.

We are of the opinion that the appeal is well taken.   The complaint does not state facts sufficient to constitute a cause of action.   The policy upon which defendant's liability is predicated is not made a part of the complaint, nor are its terms sufficiently set forth to enable the court to see that, assuming every allegation alleged in the complaint to be true, the plaintiff has a valid and subsisting claim against the defendant.   The plaintiff, it is true, pleads the legal effect of the

policy, but he has not alleged the terms and conditions of it, nor the hazards against which he was insured. The allegations in this respect are merely to the effect that the defendant insured the plaintiff, "upon certain terms and conditions in said contract of insurance specified," against "the hazards enumerated and set forth under a certain premium schedule to said contract of insurance annexed." What "the terms and conditions" of the contract are, what the hazards insured against were, or the nature of the work on which Brown was employed, are not stated, nor is there anything in the complaint from which these facts can be determined. The complaint is also fatally defective in another respect. The plaintiff does not allege performance of the conditions of the policy on his part, nor does he set forth any facts showing a waiver of any of those conditions. The only allegation in the complaint with reference to the performance of the conditions upon which defendant's liability depended is:

"(10) That plaintiff duly complied with and observed all the provisions of the said contract of insurance by him to be complied with and observed as conditions precedent to defendant's liability to him thereunder, except in so far as such compliance and observance were waived or rendered unnecessary by the position and action of this defendant."

To entitle the plaintiff to recover, he must show that he has performed all of the conditions of the policy on his part to be performed, or that performance has been waived; and this he does not do by alleging that he has complied with the policy in that respect, except where the same has been waived. If he has performed, then that fact must be alleged without qualification. If he has not performed, for the reason that defendant waived performance, then the conditions waived and the facts and circumstances constituting such waiver must be alleged. Smith v. Brown, 17 Barb. 431; La Chicotte v. Electric Co., 15 App. Div. 380, 44 N. Y. Supp. 75; Oakley v. Morton, 11 N. Y. 30, 62 Am. Dec. 49; Crane v. Knubel, 43 How. Prac. 389; Elting v. Dayton (Sup.) 17 N. Y. Supp. 849, affirmed in 144 N. Y. 644, 39 N. E. 493. We have, therefore, a complaint which alleges that the defendant insured the plaintiff upon certain terms and conditions which are not specified, against certain hazards which are not set forth, and which only alleges performance on the part of the plaintiff in so far as performance has not been waived, and not a fact has been set out from which the court can infer any waiver whatever. We do not think it can be said that this complaint contains a plain and concise statement of the facts constituting a cause of action upon which a recovery is based (section 481, Code Civ. Proc.), and for that reason the demurrer should have been sustained.

The judgment appealed from, therefore, must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend on payment of the costs in this court and in the court below. All concur.