## IKONOGRAPH CO. v. JOHN NEWTON PORTER CO.

(Supreme Court, Appellate Term.   December 16, 1908.)

1. SALES (§ 353*)—ACTIONS FOR PRICE—EXECUTORY CONTRACT—PLEADING PERFORMANCE OF CONDITIONS.

A complaint alleging that plaintiff granted to defendant the sole right to sell moving picture machines, and that defendant agreed to pay for all goods ordered within a certain time, and that plaintiff sold and delivered to defendant specified goods at a specified price, was not subject to the objection that it failed to allege performance by plaintiff of the conditions of the contract, since the complaint counted on a sale and delivery of the goods, and not on an executory contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1001; Dec. Dig. § 353.*]

2. ACTION (§ 53*)—SPLITTING CAUSES OF ACTION.

Where a contract for the sale of goods provided that the price should be paid "one-half within ten days after the delivery of each installment and the balance within sixty days after such delivery," the seller was entitled to sue for one-half of the price after 10 days and before 60 days from the date of delivery, and such action was not subject to the objection that it involved a splitting of causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 619; Dec. Dig. § 53.*]

3. SALES (§ 82*)—CONSTRUCTION—ENTIRE CONTRACT—DELIVERY IN INSTALLMENTS—TIME FOR PAYMENT OF PRICE.

Where plaintiff granted to defendant the sole right to sell moving picture machines, and defendant agreed to order goods to the amount of $12,850 on the execution of the agreement, and to pay the price therefor "one-half within ten days after the delivery of each installment and the balance within sixty days after such delivery," defendant could not contend

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the contract was an entirety, and that the first "installment" was the $12,850 worth of goods, and that plaintiff was therefore precluded from recovering the price of goods delivered until it had delivered goods to the amount of $12,850.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 231, 232; Dec. Dig. § 82.*]

Appeal from City Court of New York, Special Term.

Action by the Ikonograph Company against the John Newton Porter Company. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Morris & Plante, for appellant.

Percy L. Klock, for respondent.

GIEGERICH, J. This is an appeal from an interlocutory judgment overruling a demurrer to the complaint. The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges the making of an agreement in writing between the plaintiff and the defendant, by which the plaintiff granted to the defendant the sole right to sell certain moving picture machines and their accessories. manufactured or controlled by the plaintiff; that the defendant undertook the sale of such goods, and agreed to pay for all goods ordered by it one-half within 10 days after the delivery of each installment and the balance within 60 days after such delivery. Then follows this allegation:

"(3) Pursuant to said agreement, and between the 1st and 24th days of April, 1908, both dates inclusive, plaintiff sold and delivered to defendant at defendant's special instance and request and on orders given by it, goods and merchandise specified in said agreement consisting of moving picture machines and films therefor of the agreed price as provided in said agreement of $4,324.62, set forth in detail in Schedule A hereto annexed and forming part of this complaint."

The action was commenced on May 13, 1908, and judgment is asked for one-half the value of the goods sold and delivered, as above stated, less $507 paid on account. The written agreement between the parties is annexed to and made a part of the complaint.

It is first objected that the complaint does not show the performance by the plaintiff of all conditions on its part to be performed; but the answer to this is that the plaintiff is not suing for damages for a breach of the executory contract, but has pleaded a sale and delivery of the goods, by which, of course, the title passed. I think the defendant must show that, despite the consummation of these particular sales and deliveries, there were further conditions in the contract, which had neither been performed nor waived, and which entitled it to refuse to pay for the goods actually sold and delivered to it. As I read the contract, I find no such general conditions contained in it, and consequently none of which it is necessary that the plaintiff plead performance where it pleads an actual sale and delivery of goods.

As the defendant promised to pay for the goods "one-half within

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ten days after the delivery of each installment and the balance within sixty days after such delivery" and as, when the action was commenced, more than 10 days but less than 60 had elapsed since all of the sales and deliveries for which the action was brought, the contention that causes of action were being split up does not appear to require serious consideration.

It is further objected that the complaint does not show that any complete installment of goods was ever delivered, and that consequently, under the doctrine well established in this state in the case of entire contracts or entire installments, the delivery of a part only of an installment imposed no obligation upon the defendant to pay for it. Catlin v. Tobias, 26 N. Y. 217, 84 Am. Dec. 183. The only place in which the word "installment" occurs in the contract is in the clause already quoted, in which the defendant agreed to pay for the goods within a certain time after the delivery of each installment. But paragraph 5 of the contract provides, in part:

"The party of the second part agrees to order from the party of the first part upon the delivery of this agreement goods to the net amount of twelve thousand eight hundred and fifty dollars ($12,850) at the price hereinbefore set forth."

And the appellant appears to contend that the first installment under the contract must be held to have amounted to $12,850 worth of goods, the delivery of the whole of which was therefore a condition precedent to the recovery for any. But it nowhere appears that the order agreed to be given was in fact given, and it was entirely competent for the respondent to waive that stipulation of the agreement, and to accept orders for smaller quantities. Nor does it by any means follow that if an order had been placed at one time for $12,850 worth of the machines and their various accessories, delivery of which the appellant would have been entitled to demand within 30 days, the contract would be regarded as entire, so that deliveries of part of the goods during the 30 days could not be recovered for unless the whole order was filled during that time. An order for 50,000 brick or 100 pieces of silk may well be considered an entire contract, while an order for a miscellaneous assortment of manufactured articles is considered divisible.

Reading the contract as a whole, and without quoting further from it, I think the word "installment" referred to actual deliveries and that the complaint states a cause of action for the price of the deliveries made from April 1, to April 24, 1908, inclusive, and that the judgment appealed from should therefore be affirmed, with costs, with leave to the defendant appellant to withdraw its demurrer and answer over within six days upon payment of costs in this court and in the court below. All concur.