(94 Misc. Rep. 303)

## WEINBERG v. GASH.

(Supreme Court, Appellate Term, First Department. March 30, 1916.)

1. SALES ☞150(3)—CONTRACTS—DELIVERY.

　　Where a contract of sale fixed no date of delivery, delivery within a reasonable time is sufficient, and the seller cannot be put in default by a letter promising payment on delivery, but fixing no time.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 356; Dec. Dig. ☞150(3).]

2. SALES ☞152—BREACH BY SELLER—WHAT CONSTITUTES.

　　Where seller began an action for the entire purchase price before delivery of all of the goods, such action was a repudiation of the obligation to make complete delivery without payment by the buyer, and so the buyer need not demand delivery.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 357; Dec. Dig. ☞152.]

3. SALES ☞180(3)—CONTRACTS—CONSTRUCTION.

　　Where a contract of sale fixed no time for delivery or the terms of payment, delivery and payment are concurrent conditions; but the buyer, though he is not liable where the seller breached his contract by not delivering all of the goods, may waive performance by the seller, so that the seller may recover for the portion delivered and accepted.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 471; Dec. Dig. ☞180(3).]

4. SALES ☞180(3)—CONTRACTS—EVIDENCE—WAIVER.

　　Where a buyer, entitled to delivery of all goods at one time, accepted partial deliveries, using the goods and assuming liability for those received, it waived any right to defeat recovery on the ground that the seller had not completely performed.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 471; Dec. Dig. ☞180(3).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Flora Weinberg, doing business as the Grand Union Folding Box Company, against Abraham Gash. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

William A. Reynolds, of New York City, for appellant.

H. & J. J. Lesser, of New York City (Harry Yarm, of New York City, of counsel), for respondent.

LEHMAN, J. In July, 1914, the defendant ordered from the plaintiff, 20,000 boxes. These boxes were to be made to order, and the order included a partition and two fillers for each box. For some reason the plaintiff did not begin delivery of the boxes until December, 1914. At the trial the defendant's counsel conceded:

That upon this order "we received, on the 12th day of December, 1914, 12,500 cartons; that thereafter we received, and within say about a week we received, about 500 fillers, and about the 8th day of January, 1915, we received 10 bundles of fillers, or altogether about 6,000 fillers—6,500 altogether; that we received all of the 20,000 partitions."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It appeared at the trial that while these deliveries were being made the plaintiff demanded payment of the entire amount of the order, on the ground that the defendant himself had prevented the plaintiff from completing the order promptly after the contract was made. The evidence clearly establishes that the defendant objected to these bills, though there is a conflict of testimony as to the nature of these objections. It is not disputed, however, that the bill which was rendered was for the sum of $444.22, and was made up of charges for 21,893 boxes at $19.70 per thousand, and that the defendant claimed that he had ordered only 20,000 boxes at $19 per thousand. On January 16, 1915, the defendant wrote to the plaintiff:

"According to conversation had with you over the telephone to-day I am inclosing herewith check for $150 on account of your corrected invoice for $380, less 2%. As soon as you will deliver the balance of the boxes and partitions, we will send you the balance of $230, less 2%."

The defendant inclosed in this letter a check for the sum of $150. This check bore the indorsement:

"No receipt necessary. This check is in full and satisfactory settlement of the following:

*If Incorrect Please Return*

As per your corrected bill..............................................$380.00
1/16/15 on account...................................................... 150.00
                                                                        ―――――
    Due you balance...................................................$230.00
                    2%"

The plaintiff refused to accept this check, because she claimed that the indorsement thereon did not represent the understanding of the parties, and immediately began an action for the agreed price of the boxes. She discontinued this action after it appeared at the trial that complete delivery under the contract had not been made and the trial judge had intimated that the action was prematurely brought. Thereafter, on February 13, 1915, she tendered delivery of the remainder of the order, but the delivery was refused. Upon this record the trial justice has rendered judgment for the defendant.

Upon this appeal we must consider only two questions: First—Was the plaintiff in default prior to February 13th, so that the delivery tendered on that date was too late? Second—If the plaintiff was in default on that date, is she entitled to a recovery for the deliveries previously made and accepted?

[1, 2] The contract contains no clause fixing the date of delivery, and therefore it required delivery only within a reasonable time. It appears undisputed that the parties did not consider the plaintiff in default on January 16th, when the defendant wrote the letter quoted above. That letter fixed no definite date for the delivery, and without that it is well established that the buyer could not put the seller in default. That rule of law, however, does not prevent the seller from putting himself in default if thereafter he repudiates his obligation under the contract. In the present case the buyer, after the failure of the defendant to pay her demand for the whole purchase price, apparently considered herself entitled to bring an action without further delivery of the entire number of boxes. This action must have been

predicated upon the assumption that the seller was no longer under any obligation to make deliveries. Though that action was discontinued, the bringing of the action is sufficient evidence to permit, even if it does not require, the inference that the seller repudiated her obligation to make delivery unless the buyer paid her demand. After she brought that action, it would have been a mere empty formality for the buyer to demand a delivery within any specific time. It follows, I think, that the trial justice could properly hold in this case that the bringing of an action for the whole purchase price was tantamount to a refusal to deliver unless the purchase price was paid, and that thereupon the seller was in default under her contract, and that the tender thereafter of the remainder of the goods called for by the contract was made too late.

[3] The contract called for the delivery of 20,000 boxes. It fails to provide when these boxes were to be delivered or paid for. In such a case it is well established that delivery of the goods called for by the contract and payment for these goods are concurrent conditions. In the case of Catlin v. Tobias, 26 N. Y. 217, 84 Am. Dec. 183, the Court of Appeals laid down the rule that, where a contract required the delivery of a certain quantity of goods in certain specified months, the contract at least as to each month "was entire, and called for an entire performance, and until such performance was made or tendered there was no liability on the part of the defendant." In that case the contract called for the delivery of a specified number of articles in the months of April, May, and June respectively. The plaintiff delivered a portion of the amount required by the contract to be delivered in April. The defendant retained the articles delivered and used them. The court refused in that case to allow any partial recovery for the goods actually delivered and used:

"The defendant was not bound to retain the articles delivered to him under the contract in the course of the month of April, or of any other month included within its limits, without using or disposing of them, until the contract, or even the month, had expired, to ascertain whether the vendors would perform their agreement. He made his contract to obtain the articles which he was to buy for immediate and constant use, and no one could have demanded or expected that he would not use them as they were required in his business. *But, if he did not waive the performance of the contract* he had a right to insist upon its performance as an entirety, and when the vendors, without cause or excuse, refused to perform it, he was not bound to return what he had received, nor could he be compelled to pay for a part performance." (Italics are mine.)

In the present case the learned justice below has held that under the authority of that case there can be no recovery. I agree with him that under the authority of that case we must consider that the contract for delivery of the boxes was an entire contract, and that there can be no recovery for a partial performance if the "defendant did not waive the performance of the contract" as a condition precedent to such a recovery. If, however, there has been such a waiver, the seller may recover for the portion delivered and accepted. In the case of Avery v. Willson, 81 N. Y. 341, 37 Am. Rep. 503, the Court of Appeals, in considering the effect of this rule, stated:

"This rule does not affect the principle that where there is to be a single delivery at one and the same time, and only part of the goods have been received, the vendee may waive the right to insist upon such delivery and become liable to pay for the portion actually accepted and appropriated."

Obviously in each case the question of whether there has been a waiver of complete delivery under the contract depends upon the intention of the parties as evidenced by the circumstances of the particular case; but where those facts show clear intent that payment should be made for the goods delivered and appropriated, either before or without regard to the completion of the entire contract, then clearly the entire performance as a condition precedent to such payments has been waived. No further citation is necessary to establish that this is the law of this state, and the only question is whether the facts of this particular case show such an intent.

[4] In the present case the contract called for one entire delivery, and in that respect it differs from the case of Catlin v. Tobias, supra, where deliveries were to be made constantly. The defendant in the present case had a right, therefore, to refuse partial deliveries. He not only, however, did not refuse these partial deliveries, but himself sent to the plaintiff for "fillers," so that he might be able to use the boxes delivered. At all times he evinced an intent not to pay for any boxes or platforms which were delivered without such "fillers," and he cannot be held to have waived the requirement that each box delivered should be complete with two such fillers; but I think that it is equally clear that he evinced an intent that he should pay for any boxes delivered complete with platforms and fillers without waiting for the delivery of the entire order. Throughout the case it appears that his objections to the plaintiff's demands for payment were based, even according to his own version, upon three elements: First, that these demands included payment of the entire contract; second, that the amount of the contract was only 20,000 boxes, and the price only $19; and, third, that he should not be required to pay for boxes which he could not use because the plaintiff failed to furnish the required fillers. He did, however, offer to pay and clearly considered himself liable for that part of the goods delivered which included fillers.

The appellant is therefore entitled to a new trial, upon which the issues of the amount of fillers delivered and accepted and the agreed price per box may be determined.

Judgment is therefore reversed, and new trial ordered, with $10 costs to appellant to abide the event. All concur.