KATHERINE SCUTELLA, Individually, and as Administratrix, etc., of JOSEPH SCUTELLA, Deceased, Respondent, *v.* COUNTY FIRE INSURANCE COMPANY OF PHILADELPHIA, Appellant.

Fourth Department, June 29, 1932.

*Shire & Jellinek* [*B. Frank Dake, Joseph Swart* and *Lynn D. Wallace* of counsel], for the appellant.

*Henry P. Nevins* [*Joseph A. Nevins* of counsel], for the respondent.

PER CURIAM. Immediately following plaintiff's opening, defendant moved for a dismissal of the complaint on the ground that it did not allege a waiver of transfer of title of the land upon which the insured building stood, when it was destroyed, between the issuance of the policy and the time of the fire, which plaintiff in opening admitted to be the fact. The motion was denied and defendant excepted. The complaint was not amended. The trial then proceeded, proofs being taken on the subject of such waiver, and that question, among others, submitted to the jury. The verdict of the jury, by which it found that the insurer was notified of such change of ownership by the insured and agreed to change. the insurance policy so that it should continue to insure the building, is contrary to and against the weight of the evidence. ˙ Defendant moved for a nonsuit at the end of the plaintiff's case and at the end of the whole case, and noted exceptions to their denial. Defendant also unsuccessfully moved to set aside the verdict and for a new trial on all of the grounds stated in section 549 of the Civil Practice Act. These rulings are error for which the judgment must be reversed, and a new trial ordered. (See *Todd* v. *Union Casualty & Surety Co.,* 70 App. Div. 52, 55.)

All concur.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.